## Montgomery W. Chapman v. Marjory E. Chapman

(100 A2d 584)

October Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed November 3, 1953.

*Osmer C. Fitts* and *Paul N. Olson* for the petitioner.

*Lawrence C. Jones* and *Albert G. Avery* [of the New York bar] for the petitionee.

*Vernon J. Loveland*, Amicus Curiae.

**Adams, J.** This is a petition for a new trial brought to this Court under V. S. 47, §2158. It involves a divorce granted by the Rutland county court at the September term 1951. The petitioner and petitionee here, as we shall hereinafter refer to them, were the libellee and libellant respectively in that proceeding. The petition in the instant case is met by a motion to dismiss because of improper service.

The petition sets forth that Vernon J. Loveland, Esq., appeared and still appears in the original proceeding as attorney for the libellant, now the petitionee herein. The petition is dated December 12, 1952 and the citation attached thereto is of the same date. V. S. 47, §2159 provides that when a party petitions for a new trial he shall give the adverse party notice of the petition by a citation "served like a writ of

summons" directing the adverse party to cause his appearance to be entered within twenty-one days from the date of service. The officer's return on the petition is as follows:

"State of Vermont ⎱ Being unable to find the petitionee, Marjory E. Chapman
Rutland county, ss. ⎰ within my precinct and she not being an inhabitant of the State of Vermont, I made service of the foregoing Petition for a New Trial, Supersedeas and Summons upon the said Marjory E. Chapman by delivery of a true and attested copy thereof to Vernon J. Loveland, Esq., her attorney, at the City of Rutland in said County the 13th day of December A. D. 1952, with this my return hereon thereon endorsed.

Clarence E. Wiley,

Deputy Sheriff"

On January 5, 1953, Mr. Loveland filed with the clerk of this Court a motion asking to be heard amicus curiae. It alleged in substance, that no service of the petition was in fact made on and no copy delivered to Loveland. It was accompanied by affidavits to that effect of Loveland and his secretary, Berniece Weinle.

On January 6th at the request of attorneys in Glens Falls, N. Y. Christopher A. Webber of Rutland entered his special appearance as attorney for the petitionee. On January 16th Mr. Loveland filed a so-called amendment of the officer's return on the original petition. It is as follows:

"STATE OF VERMONT
SUPREME COURT

MONTGOMERY W. CHAPMAN
v.
MARJORY E. CHAPMAN

I, Clarence E. Wiley, a resident of the City of Rutland, County of Rutland and State of Vermont, being duly sworn, do depose, testify and say:

On December 13, 1952, acting in my capacity as deputy sheriff, I attempted to make service of Petition for New Trial, Supersedeas and Summons in the above entitled proceedings. Being unable to find Marjory E. Chapman within my precinct, and she not being an inhabitant of the State of Vermont, I made service upon her by delivering a true and attested copy of the above to Berniece W. Weinle, a person employed by Vernon J. Loveland, the attorney for Marjory E. Chapman, at the office of Vernon J. Loveland in the said City of Rutland, I did not deliver a copy of the above either to Marjory E. Chapman or to Vernon J. Loveland in person.

I hereby amend my return to conform to the above statement.

Clarence E. Wiley,
Deputy Sheriff

Subscribed and sworn to before me this 15th day of January 1953.

Donald Hackel,
Notary Public"

On January 19, Lawrence C. Jones entered his special appearance as attorney for the petitionee and on the same day filed a motion to dismiss the petition. On January 30, Mr. Webber asked leave to withdraw his special appearance and on September 21, Mr. Loveland asked leave to withdraw as amicus curiae.

There are five grounds set forth in the motion to dismiss but for our purposes they may be summarized as lack of jurisdiction for want of service on the petitionee, as the purported service by delivery of a copy to Berniece Weinle, a person employed by Mr. Loveland, the petitionee not being found within the state and not being an inhabitant thereof, was not service in compliance with V. S. 47, §§2159, 1555 or chapter 101 thereof.

We first consider the so-called amendment to the officer's return. The petitioner claims that the affidavit of

the officer is not sufficient to amend the return as it does not point out how or in what manner the original return is amended or altered. We do not agree. It shows exactly what the officer did in serving the papers and substitutes certain facts for those set forth in the original return. It, with the remaining facts in the original return, shows a complete return. The petitionee treats the officer's return in her motion and brief as amended by the affidavit filed on January 16.

▪▪▪ The petitioner claims that the officer's return cannot be amended except by leave of court. We agree. "It is undoubtedly true, as a general rule, that an officer may be permitted to amend his return at the term of court to which the process is returnable, or, indeed, at any subsequent term, provided the rights of third persons will not be affected by it and there is something on the record by which the amendment or correction can be made." *Barnard* v. *Stevens*, 2 Aik 429, 432. "It is well established that the tribunal issuing a returnable process, which is required to be returned to itself, is the only proper power to grant leave to the officer serving the same, to amend his return thereon. *Barnard* v. *Stevens*, 2 Aik 429; *Bent* v. *Bent*, 43 Vt 42; *Brainard* v. *Burton*, 5 Vt 97; *Pond* v. *Campbell*, 56 Vt 674. From these authorities it is apparent, that after such process has been returned no amendment to his return can be made by the officer making the service without leave of the tribunal to which it is returnable. Otherwise the records of such tribunal might be changed without its consent. It also further appears that such tribunal has unlimited power to grant leave to the officer to amend his return according to the facts, unless such amendment will affect the rights of third parties, who have acquired an interest in the property subsequently to the making of the return and per-haps in reliance upon the truth of the return as originally made. The authorities cited by the defendant's counsel on this point show that there is no limited time within which such amendments must be made. The plaintiff is the party directly affected by the return amended. He does not stand in the relation of a third party to it." *Taylor* v. *Moore*, 63 Vt 60, 66, 67, 21 A 919, 920. The petitioner does not question the truth of the facts set forth in the return as amended by

the officer. The rule allowing an officer to amend his return to correspond with the facts is very liberal. *Reynolds* v. *Bean*, 91 Vt 247, 251, 99 A 1013.

■ ■ It is the fact of service which confers jurisdiction and not the return and the latter may be amended to speak the truth. *John Hancock Mut. Life Ins. Co.* v. *Gooley*, 196 Wash 357, 83 P2d 221, 118 ALR 1484. The authority to amend the return, as in the case of making it, is primarily in the officer and not in the court; but after making the return, the authority of the officer becomes qualified, so that it cannot be exercised without the consent of the court. Strictly speaking, then, the proceeding is one between the officer and the court. The amended return becomes the return in the case. *Wade* v. *Wade*, 92 Ore 642, 176 P 192, 178 P 799, 182 P 136, 7 ALR 1143. See 42 Am Jur, Process, §§131-134; 72 CJS, Process, §116; Anno., 132 ALR 904.

We have no hesitation on the facts here, in allowing, in our discretion, the amendment to the officer's return to conform to the facts as set forth in his affidavit filed on January 16 as of the date it was filed.

■ We now consider the motion to dismiss because of improper service. The petitioner says that the motion was not seasonably filed. He says that county court rule 4 provides that dilatory pleas and motions must be filed within five days after the time for entering an appearance expires. It is true as he says, that the motion to dismiss is in the nature of a dilatory plea. *Howe* v. *Lisbon Savings Bank*, 111 Vt 201, 216, 14 A2d 3. We have no rule in this court in regard to pleading as in county court, but we are asked to invoke the county court rule in the instant case. If we should be inclined to follow the county court rule mentioned in regard to pleadings, about which we express no opinion, we do not think it applies to the instant case.

■ A motion to dismiss challenges only what appears of record. *In re Everett's Estate*, 112 Vt. 252, 254, 23 A2d 202, and cases cited. In *Bent* v. *Bent*, 43 Vt 42, 44, it was held that an officer's return is not a part of the record in the strict technical sense but it is a part of the papers on file which constitute

the proceedings in the cause and a motion to dismiss reaches a defect in it. So it is in the instant case. The officer's return did not show the true facts in regard to the manner of service until his affidavit amending the return was filed on January 16. Any motion to dismiss filed before that time could not have been based upon the grounds available when the true facts were disclosed by the officer which then became a part of the record. Before that time the original return of the officer showing service on Loveland as attorney for the petitionee imported absolute verity, as between the parties, and could not have been contradicted except in direct proceedings to vacate or annul it. *Shapiro* v. *Reed*, 98 Vt 76, 80, 126 A 496; *Bristol* v. *Noyes*, 106 Vt 418, 422, 174 A 924. It is true that Mr. Webber filed a special appearance for the petitionee on January 6 but there was no legal opportunity to file the motion until the officer had filed the amendment to his return. The petitionee should not be barred of a right to plead until she had been guilty of some neglect in the matter. *Fall River Foundry Co.* v. *Doty*, 42 Vt 412, 416.

Mr. Jones filed his special appearance as attorney for the petitionee three days after the officer filed his amended return and on the same day filed the motion to dismiss. The petitioner relies upon the case of *Wade* v. *Wade's Admr.*, 81 Vt 275, 69 A 826. That was an ejectment suit brought against both residents and non-residents. The fault in the service complained of in the motion to dismiss was that the officer's return showed that he delivered to the agent but one copy for the four non-residents and the statute required that one be left for each defendant. There the original return showed the true situation. Here it did not. In that case this Court said at page 279 "A dilatory objection must be raised at the earliest opportunity and this cannot be later than the time allowed for dilatory pleadings by the rule of court in cases governed by the rule." On the facts in the instant case, the petitionee was not negligent in filing the motion; she did so at the earliest opportunity and we hold that it was within time. The object of limiting the time in which dilatory pleas may be filed is to prevent a suit being unnecessarily delayed by dilatory pleas and at the same time give the defendant time

in which to have the opportunity to interpose such pleas. Here there was no unnecessary delay because the plea was not filed until January 19. *Fall River Foundry Co.* v. *Doty, supra* at page 415.

According to the amended return, no service was made on Mr. Loveland. It is, therefore, unnecessary for us to decide if proper service could have been made on him, as attorney for the petitionee in the divorce proceeding to which this petition pertains, as claimed by the petitioner. For the same reason, we need not decide if this petition is a judicial writ, as claimed by the petitioner, so that service can be made under V. S. 47, §1556 on a party not an inhabitant of the state by serving on his known agent or attorney. The cases of *Mann* v. *Town of Fairlee,* 44 Vt 672 and *MacDermid* v. *MacDermid,* 116 Vt 237, 73 A2d 315, cited by the petitioner, are not in point here as in both of them service was on the attorney.

█ The petitioner claims that the summons in a petition for a new trial is simply notice to the petitionee and that she had legal notice. He ignores the provision of the statute, V. S. 47, §2159, that the notice must be given by a prescribed method, "by a citation * * * * * * * served like a writ of summons." If it is a "legal notice," it must be given according to the provisions of the statute. The MacDermid case, *supra,* at pages 242-243 recognizes this distinction. The petitioner relies upon the case of *Appeal of Maurice,* 117 Vt 264, 90 A2d 440, 443, wherein it is stated, "A summons or citation here [appeal to county court from the decision of a zoning board] is of the same general nature as one issued on a petition for a new trial and is not a writ of summons * * * * * ." The distinction between that case and the instant case is that here the statute prescribes how the citation shall be served and there it did not. There also the length of time which the appellee had under the notice in which to enter its appearance was involved and not the manner of service. The case is not in point here.

█ The petitioner errs in assuming that knowledge is the same as notice. If this were so, there would be no such thing

as special appearances, for one could not authorize a special appearance without showing knowledge and so charging himself with notice. The knowledge must be communicated in the prescribed way. *Wade* v. *Wade's Admr., supra*, 81 Vt at page 280, 69 A 827; *Brighton* v. *Charleston*, 114 Vt 316, 332, 44 A2d 628.

■ It is axiomatic that the proper method of serving process must be adopted in order to render the service effective. *Ackerman* v. *Kogut*, 117 Vt 40, 51, 84 A2d 131. For instance, leaving the copy of the writ at the last and usual place of abode without stating the situation in which such copy was left does not show compliance with the statute directing the mode of service. *Newton* v. *Adams*, 4 Vt 437. Reading a summons where the statute provided for delivery of a copy is not legal service. *Chase* v. *Davis*, 7 Vt 476; *Fitts* v. *Whitney*, 32 Vt 589. The unauthorized delivery of a copy does not charge the defendant with notice of its contents. *Davis* v. *Richmond*, 35 Vt 419. Service of a writ on a non-resident by leaving a copy with his son, a resident, the son being an agent of the defendant for a limited purpose that had terminated, was not sufficient service. *Folsom* v. *Conner*, 49 Vt 4. Service of a trustee writ on a non-resident defendant by leaving a copy with its employee within the state does not comply with the statute and is not effective service. *Swanton Savings Bank* v. *Shapiro*, 103 Vt 345, 154 A 661. Service of trustee process on an officer of a bank upon whom service was not authorized by law is defective service. *Ackerman* v. *Kogut, supra.*

■ We hold that the service here by leaving a copy with Berniece Weinle, a person employed by Vernon J. Loveland, the attorney for the petitionee, as set forth in the amended return was not proper and effective service on the petitionee. *The motion to dismiss the petition is granted and the petition is dismissed without prejudice with costs to the petitionee.*