## James C. Lambeth v. Town of Morristown

[134 A2d 617]

May Term, 1957.

Opinion Filed September 3, 1957.

*James C. Lambeth, per se,* for the plaintiff.

*Clifton G. Parker* for the defendant.

**Jeffords, C. J.** This is an action of contract. A motion to dismiss was filed by the attorney for the defendant who appeared specially for that purpose. A hearing was had on the motion. The motion was granted with an exception allowed the plaintiff to this ruling.

The motion is as follows:

"Now comes the Town of Morristown, named as defendant in the above-entitled action, by its attorney, Clifton G. Parker, appearing herein specially and not otherwise, for the sole purpose of this motion, and moves that this Court forthwith dismiss the pretended action against it and respectfully shows that such pretended process is void in that no service thereof upon the defendant pursuant to law has been made. (V. S. 47, §1557), (*Hayden* v. *Cal. Natl. Bk,* 112 Vt 491, 28 A2d 389, 142 ALR 1178)."

The statute referred to in the motion reads as follows:

"1557. Writs against a corporation. Writs against a corporation, except those in which the corporation is summoned as trustee, shall be served by leaving a copy with the clerk thereof, unless he is absent from from the state. If there is not a clerk or if the clerk is absent from the state, the copy shall be left with one

of the principal officers of the corporation or, in the absence of all such officers, with one of the stockholders."

The return, as far as here material, is as follows: "At Morristown in said County this 10th day of July, 1956, I served this writ on the within named Defendant (s) Town of Morristown by delivering to W. C. Davis, one of its Selectmen, a true and attested copy of the original writ and this my return hereon thereon endorsed."

■ The mandatory word "shall" appears twice in the statute in question. It is reasonable to believe, and we so hold, that the Legislature intended that if the clerk of a corporation is absent from the state or if the corporation has no clerk, whichever of these facts is the truth of the matter, it is mandatory on the part of the officer to so state the appropriate fact in his return when alternative service provided for in the statute is made. By so doing a proper and valid service of the writ is shown. The officer could and should determine whether the situation is such as to require the alternative service.

■ What is implied in a statute is as much a part of it as what is expressed. *Saund* v. *Saund*, 100 Vt 387, 393, 138 A 867.

■ Since the service fails to comply with the statutory requirements it is defective. *Chapman* v. *Chapman*, 118 Vt 120, 128, 100 A2d 584.

■ "It is axiomatic that the proper method of serving process must be adopted in order to render the service effective." *Ackerman* v. *Kogut*, 117 Vt 40, 51, 84 A2d 131, 138.

The plaintiff excepted to the granting of the motion on the ground that he is entitled as a matter of right to have overruled a motion to dismiss which is unseasonably filed.

The record shows that the writ is dated July 10, 1956, and was served on that same day; that the motion to dismiss is dated November 5, 1956, and was entered in court the following day.

By the provisions of V. S. 47, §1549 a defendant must cause his appearance to be entered on or before the expiration

of forty-two days from the date of the writ. By county court rule No. 4 it is required that motions alleging dilatory matters shall be filed within five days after the time for entering appearance expires. Thus it is evident that the motion was filed out of time.

The question to be here determined is whether the defendant waived the defect in the officer's return of service of the writ because the motion to dismiss was filed out of time.

*Wade* v. *Wade's Admr.*, 81 Vt. 275, 69 A 826, cited by the plaintiff is much in point. In that case a motion to dismiss was so filed. The motion was overruled in the county court and this ruling was affirmed in this Court. The following statements appear in the opinion at page 279: "It was within the discretion of the court to entertain the motion to dismiss, although filed out of time; for the limitation of time of filing was but a provision of its rules. But the motion was nevertheless to be overruled on hearing if not made in season to satisfy the requirements of pleading. A dilatory objection must be raised at the earliest opportunity, and this cannot be later than the time allowed for dilatory pleadings by the rule of court, in a case governed by the rule. *Mack* v. *Lewis*, 67 Vt 383, 31 A 888." And on page 280: "A plaintiff is entitled as a matter of right to the overruling of a motion to dismiss unseasonably filed for any defect that can be waived; and this is on the ground that the defendant's failure to raise the objection at the earliest opportunity is a waiver of the defect." Several cases are cited in support of this holding including *Mack* v. *Lewis*, *supra*. This last quoted sentence is quoted with approval in *Russell* v. *Lund*, 114 Vt 16, 23, 39 A2d 337. See also *Howe* v. *Lisbon Savings Bank*, 111 Vt 201, 215, 14 A2d 3.

■ This was a defect that could be waived as it was not anything affecting the jurisdiction of the court over the subject matter of the suit. *Mack* v. *Lewis*, *supra*, at page 385, 31 A 888.

■■ It also should be noted that a motion raising the question as to lack of proper service is a dilatory plea, *Howe* v. *Lisbon Savings Bank*, *supra*, at pages 216, 217, and that a

motion to dismiss reaches a defect in an officer's return. *Chapman* v. *Chapman, supra,* at pages 125, 126, 100 A2d at 587.

The defendant says in its brief: "Nor does it appear that the Selectman served, if he choose so to do, could waive the statutory requirements as to service on the town, or with authority, commit or bind the town to the consequence of the suit, nor does statutory authority exist for him so to do. It cites V. S. 47, §16 and *State* v. *Baldwin,* 116 Vt 112, 114, 70 A2d 242, and *Fair Haven* v. *Stannard,* 111 Vt 49, 53, 10 A2d 214, in support of this statement.

■ But the plaintiff does not claim, nor do we hold, that the selectman upon whom the writ was served had authority to waive the defect in the officer's return. Our holding is based on a waiver of the defect because the motion to dismiss was not filed within the time required for filing dilatory pleas. It was error on the part of the trial court to grant the motion to dismiss.

This holding makes it unnecessary to consider the other claims of error advanced by the plaintiff.

*The judgment granting the motion to dismiss is reversed and the cause is remanded.*