### Casellini-Venable Corp. v. Lawrence Rogers

[192 A.2d 458]

January Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 7, 1963

*Gelsie J. Monti* for the plaintiff.

*Black & Plante* for American Fidelity Co.

·**Barney, J.·** The plaintiff obtained a default judgment against the defendant in this case. The State of Vermont had been served as trustee. On the strength of the judgment the plaintiff sought recovery against the trustee for the amount of its disclosure.

Other creditors of the defendant were also seeking to share in moneys held by the State of Vermont and owed to the defendant on a completed road construction contract. The State brought an action of interpleader in which this plaintiff was joined. In that action American Fidelity Company laid claim to the money in the hands of the State because it had been required to perform under its surety bond with the defendant, who had defaulted. The plaintiff claimed priority on the basis of the judgment in this suit being earlier in perfection than the other claims.

At that point American Fidelity attacked this judgment on the ground that the return on the original writ indicated that no valid service on the defendant had ever been made. The interpleader case is presently before this Court awaiting the outcome of this litigation.

Meanwhile, the plaintiff returned to the lower court and brought a petition asking that the officer be allowed to amend the return to show the service actually made. The lower court allowed the return to be so amended, and also allowed American Fidelity to take part by arguing its position on the matter.

American Fidelity now seeks to have the matter reviewed in this Court. The plaintiff challenges its standing to do so, and contends that the ruling is not an appealable order, in any event. Beyond that, the plaintiff defends the order on its merits.

This order was appealable. Consideration of its effects meets the test of *Beam* v. *Fish,* 105 Vt. 96, 97, 163 Atl. 591. If the motion to amend was denied, the cause of action would fail, and, in the language of the Beam case, it would "go out of court." If the motion was allowed, the judgment became one "upon which execution may issue" and binding on the parties as a final disposition of the case. Had the question of correcting the return been raised at some other stage of the proceedings, the ruling might not then have met the test of a final order.

The standing of the American Fidelity Company to prosecute this appeal is intertwined with the question of whether it has rights adversely affected by the order. We are not disposed to forestall Ameri-

can Fidelity's right to raise that issue by refusing it the right to appeal. 12 V.S.A. §1071a suggests that the legislature intended the courts to be liberal in permitting those who claim an interest in proceedings to participate as parties. American Fidelity presented its position below, and we feel it is proper for it to do so here.

Certainly, in view of 12 V.S.A. §656a, there can be no question that, but for intervening rights, the allowance of the amendment was within the power of the lower court. It is the fact of service which confers jurisdiction, not the return—which may be amended to speak the truth. *Chapman* v. *Chapman,* 118 Vt. 120, 125, 100 A.2d 584. This disposes of American Fidelity's contention that the process was void and could not be amended.

The critical question is whether or not there are intervening rights which clearly appear to have been materially prejudiced by allowance of the amendment. 12 V.S.A. §656a. If so, the order transgresses the statute. The plaintiff says that American Fidelity, as appellant, has not furnished a record on appeal sufficient to establish the presence of any intervening rights. Without such a record we cannot examine the circumstances by which the lower court found justification for allowing the amendment. *Appliance Acceptance Co.* v. *Stevens,* 121 Vt. 484, 487-8, 160 A.2d 768.

We are not empty-handed in this respect, however. The case of *State of Vermont* v. *Lawrence Rogers* is before us, and the interests of the parties involved here as they apply to the plaintiff's judgment are broadly disclosed in that litigation. To that degree, we may test the interest of American Fidelity and this plaintiff in this litigation by resort to what is before us in that case. *Lariviere* v. *Laroque,* 105 Vt. 460, 462-3, 168 Atl. 559, 91 A.L.R. 1514.

That record does not demonstrate that allowance of the amendment materially prejudiced any rights of the surety. The American Fidelity Company claims all money in the hands of the State of Vermont belonging to Rogers by virtue of a superior right arising out of the provisions of its bonding agreement entered into prior to the judgment in question. This claim is not prejudiced.

It has not been demonstrated that the surety took any action detrimental to its interests in reliance on the validity of the judgment; nor, on the other hand, that it changed its position in the belief that there

was no valid judgment, so as to be prejudiced by an amendment validating it.

It is true that the existence of a valid judgment is an obstacle which American Fidelity's claim to the money must surmount, and that the absence of that judgment would make its claim easier to establish. But this is not the material prejudice to which the statute refers. What is meant is the taking of some action, in good faith, relying on a certain state of facts, between the rendition of the original judgment and the amendment, by way of acquiring or disposing of some right or interest, that would be adversely affected by an amendment that altered the factual basis on which the action was predicated. In this case, although American Fidelity very early claimed that the judgment was a nullity, it did not, in reliance, so alter its own situation that the validating of the judgment left it in a position materially different from that it would have been in had the judgment been plainly valid to begin with. With no showing of prejudice through reliance, American Fidelity is in no position to complain of the allowance of the amendment.

*Order allowing amendment affirmed.*