### Janette Berry v. Arnoldware-Rogers, Inc.

[ 243 A.2d 781 ]

February Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 8, 1968

Motion for Reargument Denied June 4, 1968

*Chapman & MacBride* for the Plaintiff.

*John S. Burgess, Esq., Black and Plante* and *Harry A. Black, Esq.,* for the Defendant.

**Per Curiam.** This action was dismissed below for want of proper service. The officer's return of service reads:

I served this writ by attaching as the property of the within-named defendants Arnoldware-Rogers, Inc. and David E. Martin-

elli the sum of Twenty thousand dollars ($20,000) in United States currency in the hands or possession of the Vermont Bank & Trust Company, by taking the same into my possession; and on this same day I notified the defendant, Arnoldware-Rogers, Inc. of such attachment by leaving, for said defendant, a true and attested copy of this writ, with a description of the personal property so attached, with this my return endorsed thereon, with Robert C. Lovejoy, Treasurer of the Vermont Bank & Trust Company, in whose care the attached personal property was; and on this same day I left an additional true and attested copy of this writ, with a description of the personal property so attached, with this my return endorsed thereon, with Robert C. Lovejoy, Treasurer of The Vermont Bank & Trust Company, in whose care the attached personal property was; and on March 18, 1966 I made service of this writ upon the defendant, Arnoldware-Rogers, Inc. by delivering a true and attested copy thereof with a description of the personal property attached, with this my return endorsed thereon, to John S. Burgess, said defendant's attorney, as the said corporate defendant's agent authorized by law to receive service of process, said corporate defendant having no known clerk, officer, managing agent, general agent, superintendent, stockholder, or other agent authorized by appointment or by law to receive service of process, within the State of Vermont, said domestic corporation having removed from this state all such officers, agents and stockholders, including its clerk.

The defendant Martinelli is no longer involved in this case.

■ For the purposes of this question presently before us, this return must be taken as truly stating the facts of the matter. *Shapiro* v. *Reed,* 98 Vt. 76, 80, 126 A. 496. No proceeding by or against the process server seeking to challenge the facts set out in the return has been brought. See *Casellini-Venable Corp.* v. *Rogers,* 123 Vt. 427, 192 A.2d 458.

■ The defendant corporation does not deny that the persons appropriate to accept service under 12 V.S.A. §813 were, as stated in the return, absent from the state at the instance of the defendant. Its attack claims a jurisdictional shortcoming as a matter of law, because service on any of the persons specifically designated in 12

V.S.A. §813 was not accomplished. Since the presence of the defendant in court, raising this and other defenses, establishes actual notice of the pendency of this litigation as well as opportunity to be heard, it can rest its case only on the legal, rather than the actual, sufficiency of the service.

■■ In a legal sense, a domestic corporation cannot absent itself from the jurisdiction under whose laws, and by whose grace and favor, it exists. It is entitled to insist that actions against it in our courts be instituted according to the prescriptions of the applicable statute, 12 V.S.A. §813. However, it is a requirement of the law of Vermont, upon which the very existence of this corporate entity depends, that at least two of the directors (11 V.S.A. §221) and the clerk (11 V.S.A. §229) reside in the state. The return discloses that the defendant corporation has violated these legal requirements.

■■ The right of the defendant to insist on service according to the provisions of 12 V.S.A. §813 has been forfeited by the actions of that corporation making compliance impossible. The jurisdiction of the courts of the state of domicile cannot be so wrongfully ousted. See *In re Consolidated Rendering Co.*, 80 Vt. 55, 78-79, 66 A.790. So long as means reasonable and appropriate, as a matter of due process, for giving notice of the pendency of this litigation were adopted, the matter is proper for prosecution. *Eureka Lake and Yuba Canal Co.* v. *Superior Court of Yuba County*, 116 U.S. 410, 418, 6 S.Ct. 429, 29 L.Ed. 671.

■ In this view of the matter, the appropriateness of service upon the corporation's attorney does not depend upon that special capacity, but rather upon the likelihood that his relationship to the defendant made it reasonable to expect that, through him, notice of the institution of litigation would reach the corporation. It is unquestioned but that this purpose was, in fact, accomplished.

It is to be noted that jurisdiction in this case does not depend upon the attachment recited in the return. As to that twenty thousand dollars assertedly taken into possession by the officer, the lower court quashed the attachment. The parties then before the court agreed and consented to the litigation, at that time, by that court, of the validity of the attachment. Evidence was taken, findings made, and an order made by the lower court discharging the attachment. Although an officer's return, as we have already stated, is not open to challenge

except by proceedings brought for that purpose, these parties have, by their conduct, bound themselves to this adjudication. *Leno* v. *Meunier,* 125 Vt. 30, 32, 209 A.2d 485. Others, however, are, of course, not so bound. See *Chapman* v. *Chapman,* 118 Vt. 120, 125, 100 A.2d 584.

■ The facts found disclose that the funds attached were a general deposit held by the bank in a debtor capacity. *State* v. *Clement National Bank,* 84 Vt. 167, 180, 78 A. 944. Credits due a defendant are held to respond to final judgment by attachment under trustee process. 12 V.S.A. §3013. But, by statute, 12 V.S.A. §3012 (a), trustee process is unavailable in actions for malicious prosecution, which this litigation is. The procedures adopted here were correctly viewed by the lower court as an attempt to circumvent this prohibition. The attachment was properly quashed.

*So much of the order as quashed the attachment is affirmed; that portion dismissing the action as to the defendant Arnoldware-Rogers, Inc., is reversed, and the cause is remanded.*

## On Motion for Reargument

**Barney, J.** The plaintiff has moved for reargument. Two grounds are advanced. The first is the issue of the validity and propriety of the sheriff's attachment of money held by the bank on deposit in favor of the defendant. This issue was dealt with and disposed of in the opinion.

■■ The other ground questions the right of the trial court to consider more than once the question of the acquisition of jurisdiction over these funds by virtue of this purported attachment. Res judicata becomes a barrier where subsequent litigation is involved, but here the matter had not even reached final judgment in the original case. See *In re Hanrahan's Will,* 109 Vt. 108, 122, 194 A. 471. Moreover, objections to jurisdiction over the subject-matter in litigation are always timely. *Smith* v. *White's Estate,* 108 Vt. 473, 480, 188 A. 901.

*Motion for reargument denied, let full entry go down.*