## Jim Thorpe Borough v. Batovsky

*Thomas W. Durnin,* for plaintiff.

*George T. McKinley,* for defendant.

HEIMBACH, P. J., August 18, 1970.—We have before us for disposition the appeal of Michael F. Batovsky from a conviction under a borough ordinance.

On March 4, 1970, defendant was charged in an information before Justice of the Peace Burnhauser with having on March 4, 1970, failed and/or refused to connect his property to the sanitary sewer system of the Borough of Jim Thorpe in violation of borough ordinance, January 6, 1964, article II, sec. 2.01.

A hearing was had and defendant was found guilty and sentenced to pay a fine of $15 and $11 costs.

We heard the case de novo in accordance with the provisions of the Minor Judiciary Court Appeals Act of December 2, 1968, 42 PS §3001.

Defendant, through his attorney, preliminarily advised us that his attack on the propriety of the conviction is predicated on the following:

1. Defendant was not properly served with process, thus the justice of the peace was without jurisdiction.

2. Defendant's constitutional rights under section 1, Amendment XIV of the Constitution of the United States have been violated, in that he has been discriminated against.

3. That defendant had made every effort to comply with the ordinance requirements before being arrested, but because of the unavailability of plumbers was unable to make the connection.

4. That the ordinance was improperly recorded, since it was in a looseleaf book and, therefore, invalid.

The borough's evidence is this:

Admitted into evidence was the ordinance.

Section 2.01 requires the owner of improved property to connect on to the sewer 45 days after notice.

Section 2.06 provides that such notice shall consist of a copy of the ordinance and a written or printed document requiring the connection in accordance with the provisions of the ordinance and specifying that such connection shall be made within 45 days from the date such notice is given. Such notice shall be served upon the owner by personal service or by registered mail.

A process server called at the home of defendant on February 10, 1966, and advised him of the documents referred to in sections 2.01 and 2.06, leaving with defendant a copy of the ordinance, but not a copy of the printed document referred to in section 2.06 because of the refusal of defendant to note by his signature on the original the receipt of such notice. In addition, the process server testified that he did nothing more than tell defendant what information was contained in the document. He made no attempt to hand defendant a copy of the document.

On April 15, 1969, a letter was sent to defendant by ordinary mail, advising him that an information charging him with failure to connect on to the sewer in violation of article II, sec. 2.01, of the ordinance would be filed in the office of the justice of the peace on April 25, 1969.

On April 24th of the same year, defendant called and left with the secretary a note from the plumbing firm of Williams and Miller, addressed to borough council, stating that they would make the sewer connection to the subject property on or before September 31, 1969.

On March 4, 1970, at the instance of borough council,

the secretary caused an information to be filed charging defendant with violation of subject ordinance.

Defendant demurred. We reserved decision on such demurrer and took defendant's testimony.

Summarized, such testimony is that defendant, over a long period of time, attempted to engage a plumber but without success, to make the sewer connection, and was not successful until April 4, 1970, a month after he was arrested.

Defendant admits having knowledge of the provision of the ordinance requiring sewer connection; admits the call of the process server and his testimony in relation thereto, and likewise admits receiving the letter of April 15, 1969, notifying him that prosecution would be brought on April 25th.

His further evidence is that at the time of his arrest on March 4, 1970, there were 217 properties to be connected and but 98 property owners had been arrested. Included in the unconnected group where no arrests were made were properties of the Phoenix and Diligent Fire Companies, both now connected. The Phoenix Hose Company building houses the borough offices and is owned by the borough; the Diligent Fire Company is jointly owned by the borough.

The rebuttal evidence of the borough to overcome defendant's evidence of discrimination is that the justice of the peace has limited the number of informations he is able to process at the same time, and that some engineering problems exist as to some other properties.

We now dispose of defendant's contention.

Was defendant properly served with process? We agree that he was not. The process server in retaining both the original and copy of the written or printed document requiring the connection in accordance with the provisions of the ordinance, because defendant

refused to sign an acceptance of service on the original, failed, as a matter of law, to personally serve defendant as required by the borough ordinance. Since the ordinance contains a penal provision for its violation, the provision must be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558.

Webster's New International Dictionary, 2d Ed., defines "personal service" as follows:

"Service . . . 28. Law. a Act of bringing to notice, either actually or constructively, in such manner as is prescribed by law; in a broader sense, the carrying into effect, or execution, of any writ or process, as of an attachment by seizing the goods or person attached, an execution by levying it upon the goods or person of the defendant. Service of a writ of process may be: *personal*, in which case a *copy of it must be delivered, or offered to and left with, the person to be served,* and often its contents made known or read to him; or *substituted*, where service is made in any other way, as by making it by publication and mailing, by making it upon an authorized representative with the effect of constructive service on the real party in interest, or where the party in interest in certain proceedings may be personally served without the jurisdiction of the court. b A servitude." (Italics supplied.)

In 66 C. J. S, §18, p. 661, it is stated:

"Where the statute requires that a notice be given in writing, it must be served by delivery of the original or a true copy and it cannot be served by reading."

Neither did the letter of April 19, 1969, giving defendant six days to connect, correct the deficiency in the earlier service attempt. The ordinance provides that service of notice may be made either by personal service or registered mail. Likewise, the notice must contain a statement to connect on to the sewer within

45 days. The provisions of the ordinance were not complied with. The document was sent by ordinary mail and not registered mail. The owner was given but six days to connect and not the required 45 days.

What was said by the court in Chapman v. Chapman, 118 Vt. 120, 127, 100 A.2d 584, at p. 588, is apposite:

"The petitioner errs in assuming that knowledge is the same as notice. If this were so, there would be no such thing as special appearances, for one could not authorize a special appearance without showing knowledge and so charging himself with notice. The knowledge must be communicated in the prescribed way."

See likewise 28A Words and Phrases, Notice, 523, et seq.

Having concluded that there was a failure of legal process, the justice of the peace was without jurisdiction and the verdict of guilty must be set aside and the judgment vacated. This makes unnecessary answering defendant's other contentions.

We do add, however, that council's own failure to connect its own properties to the sewer system prior to arresting others for the same fault, and arresting some violators but not all, some eliminated for no apparent reason, suggests discrimination. We likewise are unable to accept as a legitimate reason the inability of Justice of the Peace Burnhauser to accept for processing more than a certain number of cases in view of the availability of Justice of the Peace Heydt or some justice temporarily assigned to his district.

What the Northumberland County Court said in Coal Township School District v. Bogdan, 24 Northum. 161, is declaratory of the law and should be borne in mind:

"Due process of law and the equal protection of the laws are secured if the laws operate on all alike and do not subject the individual to an arbitrary exercise of the powers of government."

We dismiss defendant's contention that the ordinance was improperly recorded, as being without merit. See 53 PS §46009.

For the reasons hereinbefore stated, we enter the following

### ORDER

Now, to wit, August 18, 1970, defendant's appeal is sustained and the verdict of guilty is set aside and judgment of Justice Burnhauser is vacated, and it is directed that all sums paid by the defendant shall be returned to him.

Costs of the appeal on the Borough of Jim Thorpe.