————o————

SOUTHWORTH SHAW, Respondent, *vs.* JOHN F. PERSHING, Appellant.

1. *Ancient deed—Execution—Proof as to—What sufficient.*—Where a deed was more than thirty years old and had been all the time in the possession of the grantee as a muniment of title; and no one had been in actual occupancy of the land, but the grantee had paid the taxes, and claimed the land under the deed, and the instrument seemed genuine, and the hand-writing of the attesting witness was proved; *Held,* that its execution as an ancient deed was sufficiently established.

2. *Evidence—Loss of deed—Proof of as to—Secondary evidence, etc.*— Where a deed was attached to certain depositions; and the package duly enveloped sealed, directed and stamped, and placed in the mail, but failed to reach its destination, and was never heard of afterwards: *Held*, that the loss was sufficiently established to let in secondary evidence touching the contents of the deed.

3. *Non-suit— Action brought after in U. S. court—Statute of limitations.*—The statute requiring suit to be brought within one year after non-suit, etc., (Wagn. Stat., 919, § 19) does not prevent plaintiff, where otherwise entitled to his remedy in that tribunal, from bringing his action in the United States court, and thus escaping the bar of the statute.

And such a non-suit may be voluntary, and need not be one brought about by an adverse ruling of court.

### *Appeal from Linn Circuit Court.*

### *Lander, Burgess & Huston,* for Appellant.

I. The deed was last traced to the North Kingston post office, the 20th of May, 1872, at which place no search or inquiry has ever been made.

Where the original is traced to a particular place of custody, search and inquiry at that place or custody will not be dispensed with; and the custodian or person making the search must be called. (Jackson vs. Hasbrook, 12 Johns., 192, 195; 3 Hawk., 364; 1 Carr & P., 282: 1 Ala., 71; 2 Mil. & R., 220, 222; Taunton Bank vs. Richardson, 5 Pick., 443.)

This deed being for land in the military district, more rigid proof of loss or destruction of the original is required in order to let in copies. (Barton vs. Moraine, 27 Mo., 135 ; Carr vs. Carr, 36 Mo., 408 ; Christy vs. Cavanaugh, 45 Mo., 375 ; Mariner vs. Saunders, 5 Gil., [Ill.] 113.)

II. The non-suit mentioned in the statute, (Wagn. Stat., 919, § 19) must mean one forced upon the plaintiff by the action of the court. (Gentry County vs. Black, 32 Mo., 542; Hageman vs. Moreland, 33 Mo., 86 ; Corby vs. Tyler, 33 Mo., 374; Rainey vs. Edmonson, 33 Mo., 375.) All non-suits under our practice are voluntary. (Atkinson vs. Lane, 8 Mo., 403; Clark vs. Steamboat Mound City, 9 Mo., 146; McDermott vs. Doyle, 11 Mo., 443; Martin vs. Henley, 13 Mo., 312; Wells vs. Gaty, 8 Mo., 681.)

27—VOL. LVII.

Any other construction would place it in the power of the plaintiff to avoid the statute at his caprice, so long as he might feel disposed to annoy the occupant by thus trifling in the matter, with no intention ever to prosecute his action to judgment. That a voluntary dismissal will not interrupt the running of the statute, is well settled. (Ang. Lim., p. 347, 348, 349; Riddlesbarger vs. Hartford Ins. Co., 7 Wal., 391; Delaplane vs. Crowninshield, 3 Mason, [U. S.,] 329; Swan vs. Littlefield, 6 Cush., 417; Hughes vs. Stewart, 8 Washb., [23 Vt.] 622; Richmond vs. Mansfield Ins. Co., 8 Cr., 84; 7 Abb., 308; Harris vs. Harris, 1 Serg. & R., 236; Shields vs. Boon, 22 Tex., 193; Sherman vs. Barnes, 8 Conn., 138; Clark vs. Keller, 3 Bush. [Ky.] 223; 3 McCord, [S. C.] 452; 3 Har., [N. J.] 269; C. Ired., [N. C.] 428; Donnell vs. Gatchell, 3 Heath, (Me.) 217; Haymaker vs. Haymaker, 4 Ohio, 281.)

III. The State law as to non-suits has no application to the United States Circuit Court. An action commenced in one State will not stop the running of the statute of limitations of another State, where the second action is commenced. (Delaplane vs. Crownenshield, 3 Mason, [U. S.] 329, 378.) The United States Circuit Courts sitting in Missouri, as to its practice by which alone non-suits there taken are defined and known, stands in the light of a foreign jurisdiction. They are not governed by the practice act of the States, unless adopted by act of congress or rule of court. (Bronson vs. Kenzie, 17 Pet., 28; 12 Howard, 85; Amis vs. Smith, 16 Pet., 303; Bronson vs. Kenzie, 1 How., 311; Beers vs. Haughton, 9 Pet., 359; Catherwood vs. Gapete, 2 Curtis, [Ct. Ct.] 94; Wayman vs. Southard, 10 Wheat., 1; Pomroy vs. Marion, 2 Paine, 479.) This rule was changed by act of congress, June 1, 1872, but long after the non-suit in question was taken.

*Geo. W. Easley and W. H. Brownlee,* for Respondent.

I. The loss or destruction of the original deed from Greenman to Shurtliff is sufficiently shown. (Christy vs. Cava-

naugh, 45 Mo.. 375; Barton vs. Murrain, 27 Mo., 235; Mariner vs. Saunders, 5 Gil. [Ill.] 113; Phil. Ev., 516, C. H. & E. S., note 446; U. S. Bank vs. Sill, 5 Conn., 106; Endsley vs. Strock, 50 Mo., 508.) And the loss or destruction of the original being shown, the copy was admissible as the copy of an ancient writing without proof of the execution of the lost instrument. The evidence, aside from the date of the paper, was conclusive that the original deed was more than thirty years old; that it had been in the custody of those claiming the land under it, from the time of its execution in 1820, until its loss in the mail in 1871; that the land had been claimed under the deed during all that time by Shurtliff and Shaw, and that they had exercised the usual acts of ownership over wild lands, such as paying taxes and the like. This would have made the original, could it have been produced, admissible without proof of its execution. (As to Execution of original, see 1 Greenl. Ev., § 21; 2 Phil. Ev., 425.) And " when proof of the execution would be dispensed with, in case the original had been produced, proof of its execution is unnecessary when the deed is lost." (1 Stark Ev., 340; Goodier vs. Lake, 1 Atk., 446; Ba. Ab. Title "F." p. 595, Bond. Ed.)

II. The phrase, " suffer a non-suit," as used in the statute, (Wagn. Stat., 919, § 19) means " permit," or " allow," a non-suit. (R. S. 1845, p. 82, § 33; R. S. [Ill.,] 1845, 417, § 29; Purdon's Dig., [Brightly] p. 807, § 36.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment, commenced in March, 1870, for the possession of the north west quarter of section twenty, in township fifty-seven, of range twenty, situated in Linn county, and being military bounty land, as known in our statute of limitations of two years.

The petition was in the usual form; and the answer was a denial of every allegation in the petition.

The plaintiff's chain of title consisted of, 1st, the patent from the United States to Silas Greenman, issued on the 18th

day of May, 1819 ; 2nd, a deed of Silas Greenman to Benjamin Shurtliff, dated 3rd day of April, 1820 ; 3rd, a deed from Benjamin Shurtliff to the plaintiff.

The original deed from Greenman to Shurtliff was not produced. An examined copy established by the testimony of witnesses was read as evidence instead of the original.

The preliminary proof to prove the execution and loss of the original deed, was in substance : that the original deed had two subscribing witnesses to it, whose handwriting thereto as witnesses was proven to be genuine, and the deed appeared on its face to be genuine ; and had been in the possession of the parties claiming the land, as a muniment of title for more than thirty years; and during all that time they exercised such acts of ownership over the land as are usual when not in the actual possession of the claimants. The land was not in the actual possession of any one till the defendant took possession.

The proof in regard to the loss of the original, was, that it had been attached to certain depositions, which were put in the United States mail, directed to the clerk of the Circuit Court at Linneus, Missouri ; that the package was duly enveloped and sealed up and put into the mail at Kingston, Rhode Island, and the postage prepaid, on or about the 20th day of May, 1872 ; that this package did not reach its destination, and nothing had been heard from it up to the time of trial. The court ruled the preliminary proof sufficient to admit the secondary evidence, and the defendant excepted.

The defense relied on, was the statutory bar of two years. The only evidence in reference to this point, consisted of the following written agreement of the parties :

" It is agreed for the purposes of this case, that plaintiff commenced an action of ejectment in the U. S. Circuit Court at St. Louis, Mo., against defendant, Pershing, to recover the land in question, in the spring or summer of 1868, which action was pending until the October Term, 1869, when, after all the evidence on both sides was introduced, and before the court made any ruling in the case, plaintiff, by his attorney, took a non-suit."

"It is further agreed, that the present action was commenced within one year after such non-suit was taken."

"It is further agreed, that the defendant, Pershing, has been in the actual possession of all of said premises for two years next before the commencement of this suit, claiming the same as his own as against the plaintiff, with actual inclosure of the whole quarter section under color of title."

Judgment was rendered in favor of the plaintiff, and the defendant has brought the case here by appeal.

1. The first point presented by the record is, whether the evidence of the execution of the deed from Greenman to Shurtliff was sufficient. This deed was more than thirty years old, and it had been all the time in the possession of the claimants as a muniment of title. No one was in the actual possession of the land; but the claimants had paid the taxes whenever they were assessed, and claimed the land under this deed. The deed seemed to be genuine, and the hand-writing of the attesting witnesses was proven. After such a length of time, if the subscribing witnesses were known to be alive, it would not be necessary to call or produce them. (See Stark. Ev., 9 Ed., 477.) The execution of the deed as an ancient deed, seems to have been sufficiently established.

2. The absence and loss of the original deed was clearly shown. From the evidence given, the inference is almost conclusive, that the original deed was lost from the mail, and never arrived at the place of destination.

3. The only remaining point is the defense of the statute of limitations. The question is, whether our statute of limitations contemplated suits in the United States courts, as well as our own State courts, and whether the non-suit as taken, was such as is prescribed by the statute. The section of the statute referred to, reads as follows: "If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a non-suit, or, after a verdict for him, the judgment be arrested, or after such judgment for him, the same be reversed on appeal

or error, such plaintiff may commence a new action from time to time within one year after such non-suit, or such judgment arrested or reversed." (2 Wagn. Stat., 919, § 19.) There seems to be nothing in this section which requires the action to be brought alone in the State courts; and there is no good reason why it may not be brought in a proper case in the U. S. courts, and thus avoid the bar of the statute.

It is urged here, that a non-suit, within the meaning of this statute, is such as is brought about by some adverse ruling of the court. But the language of the statute is plain and positive, and covers non-suits, no matter what may be the reason that induced them. The language is such as hardly to admit of any other than a literal construction. Besides, there is no good reason why a party should not act on his own motion in taking the non-suit. He may be satisfied that it would be a useless waste of money and time to appeal to a higher court. Some links may be lacking in his chain of evidence, which he may be enabled in another suit to supply; and, for this purpose he may suffer the non-suit. But whether it be for a good or a bad reason, the law authorizes a non-suit; and the statute enacts the consequences.

On the whole record, the judgment seems to be for the right party. The judgment is affirmed; Judge Sherwood absent; the other judges concur.