## Augusta P. Kendall's Admr. v. Frank Roseberry Et Al

[144 A2d 836]

May Term, 1958

Opinion Filed September 2, 1958.

*Paul N. Olson* for the plaintiff.

*John S. Burgess* for the defendants.

**Holden, J.** This proceeding in equity was instituted by the administrator of the estate of Augusta Pierson Kendall. The complaint charges fraud and undue influence and seeks to defeat the interest of the defendant Alice Roseberry in a bank account established in the joint names of this defendant and the plaintiff's intestate. The defendants requested the plaintiff to specify the time, place and manner of the claimed fraud and undue influence. Upon the failure of the plaintiff to file a bill of particulars, the defendants demurred to the complaint. The demurer was sustained and the complaint dismissed. The plaintiff appeals.

The complaint alleges that Augusta Pierson Kendall, a

resident of Wardsboro, Vermont, deceased December 27, 1956. The preceding August, at the age of seventy-seven, she took up residence with the defendants where she remained until her death. It is alleged that the decedent did not pay, nor did the defendants receive or request any compensation from the decedent. She stayed at their home as a guest. She had been acquainted with the defendant Alice Roseberry for sixty-four years and had known the defendant Frank Roseberry for a period from twenty-seven to thirty-seven years.

The decedent is not related to either defendant. Her next of kin is one Anna V. Putnam of Holyoke, Massachusetts. The degree of this kinship is not alleged.

When the decedent went to the defendants' home she had a savings account, Number 65217, in the Brattleboro branch of the Vermont Savings Bank in the amount of $6,832.75. On or about September 18, 1956, she executed an order transferring the balance of account No. 65217 to "Alice Roseberry or Augusta P. Kendall, or either of them or to the survivor of either." Immediately before or shortly after this transfer, the plaintiff's intestate deposited the sum of $120 in this account. During the period of her residence at the defendants' home, she withdrew $738, leaving $6,214.75 at the time of her death. It is alleged this fund constituted all or substantially all of the assets of the decedent. On December 28, 1956, the defendant Alice Roseberry withdrew $500 from this account. On January 8, 1957, she withdrew the balance.

The complaint contains these further statements: "8. On information and belief, the said Augusta Pierson Kendall was dependent upon the defendants, and each of them, for sustenance and for transportation relating to the conduct of her business affairs and the securing of medical attention. 10. On information and belief, the said Augusta Pierson Kendall reposed trust and confidence in the said defendants, and each of them, by reason of the long-standing acquaintanceship, as aforesaid, her status as a gratuitous guest in the home of the said defendants, and her dependency upon the said defendants, and each of them, for the furnishing of sustenance and transportation as aforesaid. 17. On information and belief, the interest of the defendant, Alice Roseberry, in the said bank

account was created by the said Augusta Pierson Kendall because, and as a result of, the confidential relationship existing between the said Augusta Pierson Kendall and the defendants."

Upon this presentation of the facts, the complaint concludes: "20. On information and belief, the gift by the said Augusta Pierson Kendall of an interest in the said bank account to defendant Alice Roseberry was procured through fraud or the exercise of undue influence, or both, on the part of the defendants, and each of them, or one of them."

■ The characterization of the transaction as a "gift * * * procured through fraud or the exercise of undue influence" states several legal conclusions. Such conclusions are not admitted by the defendants' demurrer. *Smith* v. *Highway Board*, 117 Vt 343, 345, 91 A2d 805; *Hillmer* v. *Grondahl*, 109 Vt 388, 389, 199 A 255; *Holman* v. *Randolph National Bank*, 98 Vt 66, 74, 126 A 500. While the defendants, in their brief, strenuously resist any legal implication of fraud and undue influence, they treat the creation of the interest of Alice Roseberry in the joint account, as a gift. Accordingly, we so regard it in the disposition of this appeal.

The ownership of a bank account created in the manner and form alleged in this complaint is governed by statute. V. S. 47, §8780 provides: "The recital of the words 'payable to either or to the survivor' or words of like effect in the order creating such account and signed by the person or persons who furnish the funds for such deposit shall be conclusive evidence, as between the payees and their legal representatives, of the creation of an absolute joint account. However, nothing herein shall prevent the proof of fraud, undue influence, or incapacity, to defeat such joint interest."

■ By force of this enactment, the essential element of a valid gift of an absolute joint interest in the fund is conclusively presumed. Since the plaintiff seeks to defeat the interest of the surviving payee on claims of fraud and undue influence, the law casts on him the burden of establishing the facts to support his claim. There is no presumption to aid him. The law presumes innocence, not guilt. *Patch* v. *Squires*, 105 Vt 405, 409-410, 165 A 919.

(3)  The term fraud carries different meanings.  It may be actual fraud, if deceitful misrepresentation or concealment is accomplished with an evil intent.  A constructive fraud may develop where a wrongful act accomplishes the injury of another but without bad faith or a malevolent purpose.  However classified, fraud involves wrongdoing and the conscious participation of the alleged wrongdoer.  See *Pelton's Exr.* v. *Dumas*, 117 Vt 13, 17, 84 A2d 408; *In re Campbell's Will*, 100 Vt 395, 402, 138 A 725, 54 ALR 1369; *Miller* v. *Belville*, 98 Vt 243, 248, 126 A 590.  Pomeroys Equity Jurisprudence, Fourth Ed. §3957, pp. 2042 *et seq.*

The complaint alleges no evil intent, no deceitful representation or concealment by either defendant.  Actual fraud is not involved.

(4)  And no constructive fraud can be involved without some wrongful conduct on the part of the defendants.  The complaint alleges no specific wrongdoing on the part of either defendant, in the creation of the joint bank account on September 18, 1956.  The complaint fails to connect either defendant with the transfer of the decedent's funds.  And no allegation is made that they even knew of the action taken by the decedent at the time the account was created.

(5)  The allegation of undue influence is equally deficient. To avoid the property disposition, made by Augusta Pierson Kendall, the burden is on the plaintiff to establish that the free agency of the decedent was destroyed at the time the account was established.  Facts and circumstances must be alleged to indicate the joint interest of Alice Roseberry was created contrary to the independent desire and sound judgment of the decedent.  The coercion exerted by the defendants must be sufficient to work a substitution of the dominant purpose of the defendants for the free expression of the will of the decedent.  *In re Collin's Will*, 114 Vt 523, 533, 49 A2d 111; *In re Everett's Will*, 105 Vt 291, 315, 166 A 827.

(6, 7)  Undue influence may be established by circumstances, but opportunity alone does not justify the inference. *In re Collin's Will*, *supra*, 114 Vt at 533 49 A2d at 117; *In re*

*Everett's Will, supra,* 105 Vt at 315, 166 A at 836. In a testamentary disposition, the law does not infer undue influence from the mere fact that one who is to profit by the instrument had an opportunity to impress his will upon the mind of the testator. It must appear that undue influence was actually exerted. *Smith's Exr.* v. *Smith,* 67 Vt 443, 445, 32 A 255. The rule has equal force here.

■ The decedent's residence at the home of the defendants states merely an opportunity for influence. It is insufficient to develop a presumption of undue influence. See *In re Moxley's Will,* 103 Vt 100, 113, 152 A 713.

■ The complaint establishes an acquaintance between Augusta Pierson Kendall and the donee that had existed since the donor was a child of thirteen. Her preference for the defendant Alice Roseberry over Anna Putnam, her only surviving relative, has no legal significance. The degree of kinship, the nature of the blood relationship and the circumstances of the surviving relative are not alleged. Unlike the situation that prevailed in *In re Barney's Will,* 70 Vt 352, 40 A 1027, the relative, Putnam, is not alleged to have been near to the decedent nor needy nor deserving of the decedent's bounty. It does not appear that Augusta Kendall was under any duty, legal or moral, to provide for Anna Putnam. It is only when the disposition of property is grossly unreasonable and plainly inconsistent with the testator's duty to his family, that disproportionate and unequal treatment has any direct bearing on the issue of undue influence. *In re Collin's Will, supra,* 114 Vt at 534, 49 A2d at 117; *In re Moxley's Will, supra,* 103 Vt at 113, 152 A at 717. It does not appear from the pleadings that the creation of the joint bank account was either unjust or unnatural.

■ The plaintiff administrator seeks to rescue the deficiency of his allegations of fact upon the statement of his complaint that his intestate reposed trust and confidence in the defendants by reason of the long standing acquaintanceship with them, her status as a gratuitous guest and her dependency upon the defendants for furnishing her sustenance and trans-

portation. A relation of trust and confidence may exist as a matter of law in certain legal relationships, such as trustee and beneficiary, attorney and client, guardian and ward, a partner and his co-partners. See *Pelton's Exr.* v. *Dumas, supra,* 117 Vt at 17-18, 84 A2d at 411; *Rice* v. *Bennington County Savings Bank,* 93 Vt 493, 504, 108 A 708; *Jenne* v. *Kennedy,* 379 Pa 555, 109 A2d 307, 309. The complaint fails to establish any legal relationships which would constitute the defendants to be fiduciaries as a matter of law.

The complaint is equally deficient in pleading any conduct or condition between the decedent and the defendants capable of creating a fiduciary relationship as an issue of fact. The allegations are inexplicitly framed on information and belief. See *Watkins* v. *Child,* 80 Vt 99, 106, 66 A 805. But giving the plaintiff's averments full effect, it does not appear that Mrs. Kendall was enfeebled in mind or body. Nor does it appear that she ever lost any control of her property during her lifetime. It is alleged she made a deposit to the account and later made a substantial withdrawal from the fund during her residence with the defendants. Quite clearly she was in control of the account during her lifetime. Although she may have accepted the defendants' hospitality for food, shelter and transportation, as long as she had access to the fund she had enough financial resources to live elsewhere if that were her choice. The facts alleged negative any financial dependency on the defendants. The complaint fails to indicate any position of dominance or ascendancy acquired by the defendants. For all that appears, the decedent had a comfortable, independent and advantageous arrangement with the defendants, with the right and the ability to dispose of her property as she saw fit.

Finally, the plaintiff claims that if Augusta Pierson Kendall desired to create a joint ownership in this account in favor of Alice Roseberry she should have obtained counsel. He refers us to the rule applied by the courts of New Jersey. Whether she had the benefit of competent, independent advice does not appear from the complaint and the question is not before us. It should be noted, however, that the rule has no application in New Jersey, even where an improvident gift and

a fiduciary relationship are involved, where there is no evidence that the donor is dependent upon or servient to the donee. *Seylaz* v. *Bennett*, 5 NJ 168, 74 A2d 309, 311.

No malign effect attaches to the allegations of a long-standing and trusted friendship; or to the fact that the decedent received the hospitality of the defendant's home. Suspicion of fraud and undue influence are not generated from a relationship of confidence alone.

No undue advantage, no malevolent action or influence, no violation of a confidence can be assigned to these defendants from the facts alleged. The complaint fails to state a cause of action in equity. The chancellor properly sustained the demurrer and dismissed the complaint. *Hillmer* v. *Grondahl*, 109 Vt 388, 390, 392, 199 A 255.

*Order sustaining the defendants' demurrer and dismissing the complaint is affirmed.*