# T. O. Metcalf Co. v. Crossroads, Inc.

[151 A2d 307]

March Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 5, 1959.

*Finn & Davis* for the defendant.

*Fayette & Deschenes* for the plaintiff.

**Hulburd, C. J.** The plaintiff is a company whose business is printing. The defendant is a merchandiser. The subject matter of this suit concerns a catalog got out by the

plaintiff for the defendant. Declaring on the common counts, with specifications, the plaintiff seeks to recover a balance for work done. The defendant claims that the plaintiff's charges are in excess of an agreed limit,—that agreed limitation, or not, their amount is not fair and reasonable. After hearing the evidence, the court below found there was no agreed limitation on the charges, that they were fair and reasonable, and judgment went for the plaintiff accordingly. The defendant is here on exceptions relating to the findings. We will start with those findings which are unquestioned and then proceed to those which are in controversy.

Since 1949 the plaintiff has been printing catalogs and folders for the defendant. Altogether there have been some seventeen of these. It had been the practice of the plaintiff to give the defendant an estimate, in each instance, of what the work would cost, based on the number of copies wanted, the size of the catalog itself and other pertinent factors. Early in 1954 representatives of the defendant started discussions with the plaintiff's president, a Mr. Williamson, looking toward the printing of the defendant's 1954 fall catalog. It is concerning this catalog that the present litigation arose. Eventually these discussions resulted in a letter, dated March 22, 1954, from the plaintiff to the defendant, giving an estimate of the cost of the proposed 1954 catalog. This estimate was accompanied by figures comparing the actual cost of the previous 1953 catalog with the probable cost of the 1954 catalog.

The court found that the estimate just mentioned for the 1954 catalog "was based on 428,850 catalogs with 24 pages, size 6″ x 9″ inches without color." To this the defendant excepted on the ground that a portion of the letter sent in connection with the estimate was undisputed evidence to the contrary. With this we cannot agree. The paragraph in the letter referred to mentions color and says that it is a "precarious matter" to estimate the cost of adding color to the catalog. It suggests figures "to give some idea of what might be involved" but these figures are not carried into the estimate sheet nor are they reflected in its total. This exception is not sustained.

The findings go on to make clear that the defendant, after having received the estimate mentioned above, "decided to increase the number of pages in the catalog from 24 to 32 and to increase the number to be produced from 428,500 to 547,000 and to put some color into the catalog." This was discussed with the plaintiff's president. The court also found that: "15. Defendant made some investigation as to use and cost of rotogravure process from Also-Gravure Company and decided against it. He also obtained a quotation of $20,000.00 from Edward Stern & Company of Philadelphia." The defendant excepted to this finding on the ground it was not supported by the evidence. Since the defendant apparently relies in this connection upon two items (Defendant's C. and D.), excluded from the evidence, his argument is lacking in support. The finding was warranted as the evidence in the case stood. No error appears.

The court goes on to find that following the defendant's investigation mentioned in finding No. 15 above the defendant, after some discussion with the plaintiff's president, authorized the plaintiff to produce its 1954 catalog. (Finding No. 16). Then comes the key finding No. 17: "There was no fixed or set charge agreed to by the plaintiff with the defendant for the production of defendant's 1954 catalog and there was no agreement by plaintiff that it would meet the Stern & Company quotation of $20,000.00 or that it would produce said catalog for such sum plus the usual charges for extras as claimed by defendant." The defendant excepted to finding No. 16 on the ground that it is a conclusion of law and on the further ground that that finding and also finding No. 17 were contrary to the evidence.

■■ The gist of the defendant's contention is that there was evidence that the defendant informed the plaintiff that they had alloted $20,000.00 in their budget for the 1954 fall catalog. This was during the discussion between the parties in the spring. Thereafter the defendant shopped about to see what it could get the work done for. As a result it got a quotation from Stern & Co. of $20,000. According to the defendant, the plaintiff was informed of this fact during a dis-

cussion and thereupon the plaintiff's president, Williamson, is claimed to have said: "If Stern can do it for $20,000.00, we can do it for $20,000.00." To which the defendant's representative is said to have replied, "All right, let's go ahead on that basis." If this were all the evidence bearing on this point, there would be some justification for the defendant's claim that finding No. 16 and No. 17 are not supported by the evidence. However, although the plaintiff's president did not have a very clear recollection of just what was said, he did testify that at no time had the plaintiff agreed to do the job for $20,000.00. This assertion made the evidence sufficiently ambivalent to bar intervention on our part. We do not weigh the evidence on review. *Schwarz* v. *Avery*, 113 Vt 175, 179, 31 A2d 916. A finding must stand if supported by any substantial evidence, although there may be inconsistencies or substantial evidence to the contrary. *D'Amato* v. *Donatoni*, 105 Vt 496, 502, 168 A 564. This is true even where the evidence opposed to the court's finding is seemingly more persuasive than that which supports it. *Holton* v. *Ellis*, 114 Vt 471, 488, 49 A2d 210.

■ As we have just seen, the court found that the plaintiff did not undertake to do the job for a definite sum. Moreover, the estimate furnished the defendant by the plaintiff is restricted in whatever significance it may have had by reason of finding No. 18 as follows: "Defendant decided on the increase in the number of pages to 32 sometime in August, 1954 and decided on the number of catalogs to be produced at 547,000 and the addition to color in the catalog after plaintiff began work on the catalog." An exception to this finding was not briefed and so is waived.

At the end of the job the plaintiff sent the defendants an itemized bill (set forth in finding No. 19) in which its various elements were taken up, analyzed and compared with the plaintiff's estimate. The total amounted to $27,084.00 as compared to the estimated total of $15,755.50. The plaintiff pointed out that a part of the over-run could be accounted for by the increase in pages and quantity.

Some of the work, as shown by the bill, was sub-contracted.

The defendant excepted to finding No. 20 which showed among other things a sum of $5,892.04 paid to the Williamson Offset Co. The ground of the defendant's exception is that the plaintiff and Williamson Offset Co. "are related companies and are both owned and controlled by Mr. Williamson and his brother." This fact standing by itself is no basis for attacking this particular finding. The exception is not sustained.

The defendants excepted to findings 21 and 22 which read as follows:

"21. The balance of the charge made by plaintiff in the amount of $5,135.83 represents the press work, supervision, overhead and a small profit on the work done in connection with said catalog.

22. Plaintiff's charge of $27,084.00 for its services, work and material furnished defendant in producing its 1954 catalog is fair and reason'able." The gist of the defendant's exceptions to these two findings is that they lack support in the evidence since the plaintiff introduced no evidence as to the fair and reasonable value of the work performed. The plaintiff in its brief has pointed out no evidence bearing on this matter but has contented itself with referring to the evidence which describes what the plaintiff had to do to produce this catalog. The defendant, on the other hand, pointed up this issue by introducing in evidence the testimony of Ben Lane (a qualified printer) who stated that the sum of $20,985 would have been a reasonable charge for getting out this particular catalog at the time it was printed.

There can be no doubt but that in an action such as the plaintiff is seeking to maintain here, the amount of recovery is limited to the fair and reasonable value of the services rendered. *Enos* v. *Owens Slate Co.*, 104 Vt 329, 336, 160 A 185; 58 Am Jur, p. 560; *Rice's Admr.* v. *Press*, 117 Vt 442, 450, 94 A2d 397. It is the general rule that in a matter of this sort, evidence of the value of work or materials is essential to a recovery under the common counts. Where the value of the work can be said to be a matter of common knowledge, the trier of facts may determine the question of value from its own

knowledge without the aid of opinion evidence. 98 CJS, Work & Labor, §57 at p. 807. We can not say that the printing and production of a catalog such as we have here is a matter of common knowledge.

■ In applying the general rule stated above, we have not overlooked the fact that a good part of the plaintiff's bill is made up of expenditures for material and for sub-contractors. It has been held that sums so paid bear on the reasonable value of the total services rendered. See *Johnston* v. *Star Bucket Pump Co.*, 274 Mo 414, 202 SW 1143. A purchase in the open market is somewhat of a guarantee of fair value. One of the items of this kind entering into the plaintiff's bill is the sum of $5,892.04 which was paid to the Williamson Offset Company. Now it appears in the evidence that the president of the plaintiff is president of the Williamson Offset Company and that both companies have the same address and operate under the same roof. As to this item, the amount which the plaintiff had to expend was established, not by two independent concerns bargaining with one another, but by a single president bargaining with himself in two different capacities. We can not extend to a situation of this sort the benefit of the rule obtaining where there is an open market transaction. It takes fair and reasonable testimony to establish fair and reasonable value. It was incumbent on the plaintiff in these circumstances to introduce something else in the way of evidence fairly tending to show that such expenditure was reasonable. See *Geddes* v. *Anaconda Copper Mining Co.*, 254 US 590, 599, 41 S Ct 209, 65 L Ed 425.

The trial court's approach to the general problem is indicated in finding No. 23 which reads as follows:

■ "If the catalog had remained at 24 pages and 428,500 in number and the 8 pages of color had not been added, there would have been practically no increase in the cost to the defendant over the estimate of $15,755.50 made by plaintiff to defendant on March 22, 1954." The court clearly is resorting to the estimate as a basis of value. As we have seen, the trial court rejected the view that there was an express contract. Having done so it was not free to use the estimate

alone to supply a deficiency in the proof as to value. *Losli* v. *Foster*, 37 Wash 2d 220, 222 P2d 824.

In view of what we have said, a finding that $27,084.00 was a fair and reasonable charge for producing the catalog can not stand. The evidence failed to show that the services rendered were fairly worth the amount charged. This was indispensible to a recovery on a *quantum meruit* basis. Accordingly, there must be a remand for a new hearing on the question of the amount that the plaintiff is entitled to recover. The production of a given number of a specific catalog presents a rather definite problem in this regard. We think it is sufficiently capable of disassociation from the other aspects of the case so that a retrial on all issues is unnecessary. A disposition similar to that in *Rice's Admr.* v. *Press*, 117 Vt 442, 451, 94 A2d 397, is not required.

The consideration of the defendant's remaining exceptions becomes immaterial.

*Judgment affirmed except as to the quantum of recovery, and as to that question judgment is reversed and cause remanded.*