# Robert C. Leno
## v.
## Louis J. and Marie R. Meunier

[ 209 A.2d 485 ]

February Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

*Peter Forbes Langrock* for plaintiff.

*Black, Wilson & Hoff* for defendants.

**Keyser, J.** Plaintiff's action was brought to Chittenden County Court on July 10, 1961 to recover damages for injuries claimed to have

been suffered on defendants' premises where plaintiff rented an apartment. The defendants' answer set forth general denial and affirmative defenses of statute of limitations, contributory negligence and assumption of risk. The answer included a motion to dismiss the action on the ground that it was barred by the statute of limitations.

The plaintiff replied to this motion that a previous suit was seasonably brought on August 16, 1960 in the United States District Court for Vermont; that the writ was dismissed by the District Court on June 17, 1961 without trial on the merits for the lack of jurisdiction and that this present action was commenced within one year after the dismissal of the former action as provided by 12 V.S.A. § 558 (2).

The defendants by rejoinder admitted the prior suit in Federal court and that it was dismissed on the ground that the court lacked jurisdiction to determine the cause. The rejoinder also alleged that plaintiff testified at the trial in Federal court regarding his claimed residence in New York state; that the Federal court judge later read a deposition of plaintiff's landlady in New York and then made a finding that there was no diversity of citizenship and dismissed the action; and further that the plaintiff was not entitled to take advantage of 12 V.S.A. §558 (2) "because he deliberately sought to deceive the District Court on the question of his citizenship."

The court below heard the motion to dismiss on oral arguments of counsel. Later the trial judge advised counsel by letter  that it was his intention to grant the motion but felt that certain evidence was required to make the record straight in support of defendants' motion. He directed that evidence be taken on the issue raised by the pleadings. Upon hearing, evidence was taken and findings of fact were made. The court by written order granted defendants' motion to dismiss based on the statute of limitations. Judgment was entered for defendants from which the plaintiff appealed to this court.

The record shows plaintiff's alleged injury occurred on December 24, 1957 and that this action was brought in Chittenden County court on July 10, 1961. The overall question raised by the pleadings is whether the three-year limitation (12 V.S.A. §512) for bringing an action bars the prosecution of this suit, or whether under the facts in the case 12 V.S.A. §558 (2) tolls the statute for a further period of one year.

The pertinent part of 12 V.S.A. §558 involved here reads:

"The plaintiff may commence a new action for the same cause within one year after the determination of the original action, when

such original action has been commenced within the time limited in this chapter, and such action has been determined for any of the following reasons:

(2) Where the writ is abated."

■ In an action at law the statute of limitations cannot be taken advantage of by a motion to dismiss. *Johnson* v. *Wells-Lamson Quarry Company*, 103 Vt. 475, 476, 156 Atl. 681. Numerous cases are there cited in support of this proposition. The reason for this rule as the court there said is that the plaintiff would be deprived of the opportunity of replying and pleading any matter which would prevent the bar from attaching.

In the instant case the plaintiff did reply by setting forth facts which he claimed made the saving proviso of 12 V.S.A. §558(2) operative. And to this plea the defendants rejoined, admitting the critical facts related to the statute but alleging other facts in support of their claim that the benefit of the statute should not be available to the plaintiff.

Under 12 V.S.A. §1024, it is required that a party shall affirmatively set forth and establish, inter alia, fraud, statute of limitations and any other matter constituting avoidance or affirmative defense. Here, the defendants did set forth as one of its affirmtive defenses the statute of limitations and made the statute the basis of their motion to dismiss. In effect defendants' motion and rejoinder constitute a plea in abatement. It asserts matter which is claimed to be a ground for abating or defeating plaintiff's suit without destroying the right of action itself.

■ By the pleadings the parties injected an issuable fact into the case and one triable by jury. The defendants inappropriately labeled their pleadings a motion to dismiss and the court also denominated it as such. It was a plea to resist and defeat plaintiff's right to maintain his suit and was tried and determined as such. The procedure adopted by the court below to hear and decide this one particular defense was acquiesced in by the parties. The matter proceeded to hearing by the court without opposition or objection of the parties. They participated in the proceeding and by so doing waived any right to a jury trial on this issue. It was treated by them as a resolution of the issue. Thus, the factual situation is before us since it was squarely raised and concluded through the action of the court and the parties. In *Merrill* v. *Reed*, 123 Vt. 248, 185 A.2d 737, at page 252, we held that "where it appears from the record that the trial below proceeded upon a cer-

tain theory, acquiesced in by court and counsel, the theory thus adopted, whether right or wrong, becomes the law of the case."

The defendants urge it was fraudulent action on the part of the plaintiff to claim his residence in New York and that by doing so he "sought to deceive the District Court." If true, defendants say the writ abated because of the fault of the plaintiff and he does not have the benefit of the exception in the statute.

■ It is our settled law that statutes of limitations are remedial and should be construed liberally. *Hayden* v. *Caledonia Nat'l. Bank*, 112 Vt. 491, 28 A.2d 389; *Spear* v. *Curtis*, 40 Vt. 59, 65; 54 C.J.S. p. 347.

■ We cannot ignore the plain meaning of unambiguous words or language, it being the long established rule that where the meaning of a statute is plain there is no necessity for construction, *Blanchard* v. *Blanchard's Estate*, 109 Vt. 454, 199 Atl. 233, at page 459. and the courts must enforce it according to its terms. *City of Rutland* v. *Keiffer*, 124 Vt. 357, 205 A.2d 400; *Miers Admr.* v. *Boyer*, 124 Vt. 12, 13, 196 A.2d 501.

"There is no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *United States* v. *American Trucking Ass'n., Inc.*, 310 U.S. 534, 543, 84 L. Ed. 1345.

■ The statute, 12 V.S.A. §558(2), specifically provides in clear, plain and definite language under what circumstances a plaintiff has the right to bring a new action for the same cause. It has no doubtful meaning or repugnancy, and is susceptible to but one construction. There are neither exceptions nor limitations mentioned in sub-section 2. Neither does the statute invoke a penalty for failure of the plaintiff to establish jurisdiction of the court in the prior action. We cannot engraft upon the statute exceptions, conditions or requirements under which the saving provisio shall become forfeited or inoperative. To do so would require something in the nature of a major operation upon the long standing work of the legislature. The court would be making the law instead of administering it. Thus, if a case falls within the letter of the statute, the court has no power to attach conditions to it.

The questions for review raised by the plaintiff's appeal and his brief are (1) the sufficiency of the evidence to support findings of fact numbered 8 and 9 and (2) whether the findings support the judgment. Various other exceptions appear of record but not being briefed by the

appellant are waived. *Metcalf Co.* v. *Crossroads, Inc.,* 121 Vt. 147, 150, 151 A.2d 307.

Findings 8 and 9 with which we are concerned are as follows:

"8. The court does not find that it is improper or illegal to change one's residence in order to come within the jurisdiction of another court. However, it is improper and illegal to fraudulently attempt to establish such residence, and that the plaintiff in this action did fraudulently attempt to establish a residence in Plattsburg, New York, for the purpose of coming within the jurisdiction of the Federal Court of the District of Vermont."

"9. The reason for the dismissal of the cause of action in the United States District Court for the District of Vermont was caused by the fraudulent acts of the plaintiff, and therefore, the application of 12 V.S.A. Section 558(2) is not available to the plaintiff, and the motion to dismiss should be granted."

Plaintiff excepted to all but the first sentence of finding 8 and to all of finding 9.

Findings must stand if there is any evidence fairly and reasonably tending to support them. *Murray* v. *Webster,* 123 Vt. 194, 196, 186 A.2d 89. And we must read the evidence in support of the findings, if reasonably possible, when considered as a whole. *Little* v. *Little,* 124 Vt. 178, 182, 200 A.2d 276.

The pertinent portion of finding 8 excepted to is "the plaintiff. . . *did fraudulently* attempt to establish a residence in Plattsburg, New York." In this finding, the court stated that it is proper and legal for a person to attempt to change his residence so as to give jurisdiction to another court. The court does not find any facts upon which plaintiff's "fraudulent attempt" to change his residence is formulated.

The only evidence produced at the hearing was by the defendants. They produced two witnesses whose testimony only related to the times plaintiff had worked for them as a painter and the wages he received. All the other testimony was by exhibits. There were three depositions admitted. These were taken in connection with the Federal court case. They were of the plaintiff, a Dr. Baker of Plattsburg who treated plaintiff for his claimed injuries, and a Mrs. Meigs, the landlady where plaintiff rented a room in Plattsburg. The other exhibits were a transcript of the remarks of the Federal court on its dismissal of the suit in that court and a certified copy of plaintiff's application for a license to operate a motor vehicle for the years 1959 - 1961.

Fraud is never presumed, *Century Indemnity Co.* v. *Mead,* 121 Vt. 434, 440, 159 A.2d 325, and must be established by clear and satisfactory evidence, *Laughlin* v. *McConnel,* 201 Pa. Super. 180, 191 A.2d 921, as to which the defendants had the burden of proof.

"The term fraud carries different meanings" and "however class-ified, fraud involves wrongdoing and the conscious participation of the alleged wrongdoer." *Kendall's Admr.* v. *Roseberry,* 120 Vt. 498, 502, 144 A.2d 836.

The record discloses briefly that from April to October, 1960, the plaintiff rented a room in Plattsburg, New York from Mrs. Meigs, that he had belongings in the room, that he never occupied the room and was working much of the time in Vermont. Seeking or attempting to deceive the court as the plea states is to be distinguished from an actual and consummated fraud on the Federal court. Generally speak-ing, a fraud on the court must be such a course of intentional and successful deception and conduct by a person in respect to a matter in court which result in a perversion and obstruction of justice. The evidence fails to establish any wrongdoing by the plaintiff as claimed. There was no justification in law or in the evidence for finding 8 as to fraudulent action of the plaintiff. The evidence does not fairly and reasonably tend to support the finding.

The remarks made by the Federal court to the jury at the time the case was dismissed are as follows:

"THE COURT: This court was disturbed yesterday in looking over this case that we are trying, and particularly in reading a deposition that was to be introduced this morning.

To get a case into the U.S. Court of this nature, there has to be diversity of citizenship. That is, they can't live, each party can't live in the same State, otherwise, they have to go into a State Court, and it appeared to me, that the plaintiff in this case, didn't have a domicile in Plattsburg, New York.

In reading of the deposition, and from his own testimony, he did rent a room. He never, as far as I can find, spent a day over there. He left a few clothes there when he first rented the room, but they were there and he never came back. Every payment of rent that he made, was by money order, mailed in a letter from Winooski, Vermont.

To have a domicile, you not only have to have an intent to live somewhere, but you also have to live somewhere, too. You — you have got to have both the intent and the act, combined, and I called counsel in this morning and told them that I was convinced

that, as a matter of law, the plaintiff did not have a domicile in Plattsburg, New York; that there was no diversity apparent between diversity of citizenship. Accordingly, I am dismissing this case, for lack of jurisdiction in this Court, and I will allow costs to the defendant.

Sorry, I promised that this might be an interesting case, but if we don't have jurisdiction of a case, we might as well not fool around with it. We might as well get rid of it. So, that is what I have done.

The case is dismissed for lack of jurisdiction in this Court, and I hope you all have a pleasant week end."

It is abundantly clear from the foregoing remarks of the Federal Court that the case was dismissed solely for lack of jurisdiction on the ground that there was no diversity of citizenship. There is no finding of actual or attempted fraud or of fraudulent action or intent on the part of the plaintiff. The trial court in the case at bar by finding 9 attempts to rationalize the action of the District court and give its own reasons why the Federal judge dismissed the suit. It erroneously used this finding as the basis for determining that "the application of 12 V.S.A. sec. 558(2) is not available to the plaintiff, and the motion to dismiss should be granted." Finding 9 is unsupported by any credible evidence and cannot stand. *Little* v. *Little*, supra. The court below could not reach beyond the ground on which disposition of the federal court case was laid and find it was otherwise than for the lack of jurisdiction.

The lack of jurisdiction by planting the action in the wrong court arose in *Woods* v. *Houghton* (1854), 1 Gray (Mass.) 580. There the original action was dismissed for want of jurisdiction because brought in the wrong county, the defendant and trustee both residing in another county. Nevertheless, the court held for a matter of form the new action was justified against the defendant within a year after the dismissal although the general limitation period had run.

■-■ Generally, statutes providing in substance that if an action is brought within the period of limitations and is disposed of on a ground not affecting the merits a new action may be begun within a stated time thereafter have been held applicable to suits dismissed or disposed of because of lack of jurisdiction. Anno. 145. A.L.R. 1185 and cases there collected. And the fact that the first suit was brought in Federal court in Vermont does not prevent the plaintiff from beginning the new suit in state court. Anno. 145 A.L.R. at page 1188; Anno. 156 A.L.R. 1097, 1103; 34 Am. Jur. Limitation of Actions, §283.

In *Kansas City Southern R. Co.* v. *Akin* (1919) 138 Ark. 10, 210 S.W. 350, the court said that the pendency of the suit in the Federal court for the same cause of action had the effect of tolling the general statute of limitations of three years, and that when the nonsuit was taken in the Federal court and the present suit in the state court was begun for the same cause of action within one year after the nonsuit, the plaintiff had the right to maintain the same under the express provisions of the state statute. See also *Shaw* v. *Pershing*, 57 Mo. 416 and *Pittsburg C. C. & St. L. R. Co.* v. *Bemis*, 64 Ohio St. 26, 59 N.E. 745.

The defendants cite several Vermont cases on their claim that the plaintiff, to have the benefit of the statute, must be without fault for the dismissal of the original action in Federal court. The cases cited do not come to the point defendants urge here. This case is controlled by *Hayden* v. *Caledonia Nat'l. Bank*, supra, which adopts and quotes at page 494, the doctrine announced in *Coffin* v. *Cottle*, 16 Pick, 383 (Mass.) and recognized in *Wood* v. *Houghton*, supra. Chief Justice Shaw said in the *Coffin* case that the statute (identical with ours) is meant to declare that "where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by new process, the statute shall not prevent him from so doing, provided he follows it promptly by suit within a year."

We said in the *Hayden* case at page 497: "the plaintiff is entitled to the benefits of this statute when in an action commenced his writ is abated and he is also entitled to the benefits thereof if the action is otherwise defeated or avoided by the death of a party thereto or is defeated or avoided for matter of form."

The record discloses that plaintiff seasonably brought his original writ to the Federal court; that it was abated by that court without hearing on the merits on the ground that the court was without jurisdiction for lack of diversity of citizenship; and that this present suit was brought within one year thereafter (23 days) and for the same cause of action. These facts bring the action squarely within the express terms and provisions of 13 V.S.A. §558(2). *Hayden* v. *Caledonia Nat'l. Bank*, supra.

There being no legal basis for the judgment below entered for the defendants, it must be reversed. The defense of the statute of limitation having been resolved, the case will be remanded for trial on its merits.

*Judgment reversed and cause remanded.*