## Raymond H. Quero d/b/a Dairy Queen v. Vermont State Tax Department

[306 A.2d 684]

No. 51-71

Present: Shangraw, C.J., Barney, Smith and Keyser, JJ. and Martin, Supr. J.

Opinion Filed June 5, 1973

Motion for Reargument Denied July 11, 1973

*Ryan & Ryan,* Montpelier, for Plaintiff.

*Kimberly B. Cheney,* Attorney General and *James S. Hirsch,* Assistant Attorney General, for Defendant.

**Shangraw, C.J.** This matter originated as an appeal by the plaintiff to the Washington County Court from a decision of the Commissioner of Taxes. The authority for such appeal is contained in 32 V.S.A. § 9275. This appeal was occasioned by reason of the assessment of a claimed meals and rooms tax deficiency against the plaintiff for the taxable period from June 30, 1966, to September 30, 1968, of $1,045.07, which included interest and costs. The Tax Commissioner subsequently agreed to waive the penalty and revised plaintiff's tax liability downward to $920.89.

Findings of fact were made by the trial court based upon an agreed statement of facts submitted to it. A judgment order followed on February 25, 1971, directing that the plaintiff, appellant, pay to the State of Vermont the tax in the sum of $920.89 plus interest from the date of demand. From this order an appeal was duly taken to this Court for review.

The plaintiff operated an establishment at 41 Berlin Street in Montpelier, Vermont, and sold dairy custard products. It is subject to Chapter 222 (now Chapter 225) of Title 32, Vermont Statutes Annotated, as amended, which chapter imposes a "meals and rooms tax". To avoid confusion, and for the purpose of clarification, §§ 9241 and 9242 of Title 32 were formerly designated as §§ 9251 and 9252. Such change of section numbers makes no change in the applicable law.

32 V.S.A. § 9241, at all times pertinent, reads, in part, as follows:

> "§ 9241. Imposition of tax
>
> A tax of five per cent of the rent of each occupancy and of one cent for each taxable meal for which the charge is between fourteen and twenty cents inclusive, . . . is hereby levied and imposed and shall be collected by the operator and paid over to the state as herein provided."

Under the provisions of § 9241, the tax to be collected and remitted to the state increases dependent upon the charge made for a meal. Legislative changes from 1959 through 1969 increased the tax rate applicable but made no change in the basic exclusion of charges under fourteen cents (14¢).

The plaintiff, appellant, challenges the Tax Commissioner's construction and application of § 9242 (formerly 9252) of Title 32, V.S.A. This section provides for the "Collection of meals and rooms tax by operator and imposition of gross receipts tax." Subsection (a) thereof reads:

> "Each operator shall state the amount of tax to each occupant and each purchaser of a taxable meal and shall charge the tax for each rental or meal, and shall demand and collect the tax from such occupant or purchaser. The occupant or purchaser shall pay the tax to the operator and each operator shall be liable for the collection thereof."

Subsection (c) of § 9242 states:

> "A tax of five per cent of the gross receipts, exclusive of taxes collected pursuant to subsection (a) of this section, received from occupancy rentals and taxable meals by an operator, is hereby levied and imposed and shall be paid to the state by the operator as herein pro-

vided, in lieu of payment of taxes collected pursuant to subsection (a) of this section, and any balance of the tax collected pursuant to subsection (a) of this section remaining in the possession of the operator after payment of the tax imposed by this subsection shall be retained by the operator as compensation for the keeping of prescribed records and the proper account and remitting of taxes by him."

The trial court determined as a fact that in preparing the tax returns in controversy the plaintiff has reported his total receipts, has deducted, before computation, that portion of those receipts reported on sales of less than fourteen cents (14¢) and has computed and paid his tax on the balance.

The limited issue presented is whether or not the purchase of meals for less than fourteen cents (14¢) authorized the Commissioner of Taxes to impose a gross receipts tax thereon under the provisions of 32 V.S.A. § 9242.

The gist of the matter in this case is the interaction between § 9241 and § 9242 of Title 32 V.S.A. Section 9241 imposes the tax on rooms and taxable meals which is collected from the customer by the operator. It is the contention of the defendant that § 9242 deals solely with the payment of the tax by the operator based on gross receipts, including meals sold for less than fourteen cents (14¢). It is urged that this is the intention of the legislature.

Where the meaning of a statute is plain and unambiguous, there is no necessity for construction and the statute must be enforced according to its terms. *Leno* v. *Meunier*, 125 Vt. 30, 33, 209 A.2d 485 (1965). It is only where a statute is ambiguous that resort be had to the intent of the legislature. *Brattleboro Chalet Motor Lodge* v. *Thomas*, 129 Vt. 405, 407, 279 A.2d 580 (1971). No such occasion arises here.

By reference to 32 V.S.A. § 9241, it is clear that a "taxable meal" does not include one for which the charge is less than fourteen cents (14¢). Under this section no tax for such a meal for which the charge is less than the above amount is levied and imposed or collected by the operator of the business nor required to be paid to the State. By way of legislative history none of the Acts from 1959 through 1969 imposed any

tax on food for which the charge was less than fourteen cents (14¢).

Referring to 32 V.S.A. § 9242, subsections (a) and (c), relating to the collection of meals and rooms tax by an operator and the imposition of a gross receipts tax, the tax authorized thereunder is limited to rentals and "taxable meals".

We find no ambiguity in the statutes now considered. We are not called upon to determine what the legislature intended but rather what the statutes in their commonly accepted use mean. We hold that it was proper for the plaintiff in reporting his total receipts, for the purpose of taxation under § 9242, to deduct from his total receipts that portion thereof on sales of meals for which he charged less than fourteen cents (14¢). Conversely, the assessment by the Commissioner of Taxes of $920.89 on such meals was not authorized.

In view of the result reached in this case, it is unnecessary for us to discuss the remaining points briefed by the parties.

*Judgment ordered reversed. Cause remanded for a new judgment order in favor of the plaintiff, appellant, consistent with the opinion of the Court.*