616 P.2d 918

June B. SHOLTY, Petitioner,

v.

James CARRUTH, Judge of the Pima County Superior Court, and John D. Sholty, real party in interest, Respondents.

No. 2 CA–CIV 3658.

Court of Appeals of Arizona,
Division 2.

June 20, 1980.

Rehearing Denied July 22, 1980.

Review Denied Sept. 9, 1980.

Gaila Davis, Tucson, for petitioner.

Harley Kurlander, Tucson, for respondent Sholty.

HOWARD, Judge.

The subject of this special action is an order of the respondent court dissolving a temporary restraining order previously issued by it. Because the welfare of three minor children is involved and time is of the essence, we have issued a stay of the order and assume jurisdiction.

Petitioner, mother of three minor children, filed a petition for a temporary restraining order regarding visitation on June 13, 1980. The petition alleged the mother had been awarded custody of the children in 1976 pursuant to an Ohio divorce decree; that in September 1977, mother and children moved to Arizona and had continuously resided in Pima County without contact with the father; that on May 19, 1980, the father sought an Ohio order allowing reasonable visitation with his children; and that on June 11 petitioner was informed that the Ohio court had entered an order allowing the father to visit the children in Tucson from June 15 to June 20 in addition to a seven–week visitation which could be exercised in Ohio.

Petitioner further alleged that when the children were informed of the order, they expressed such fear of their father that she took them to a psychologist whose attached report recommended that the children not be removed from their present living situation because of their strong fear reaction to a seven–week Ohio visitation and that the Tucson visit be under direct supervision to

provide the children a sense of security. The petition also alleged that on June 12 petitioner's attorney spoke with the father's Ohio attorney and informed him of the psychologist's report, that the attorney assured petitioner's attorney that he would confer with his client and call back on June 13, that no telephone call was received and that petitioner's attorney's attempt to reach the Ohio attorney was unsuccessful. Petitioner's attorney telephoned the Ohio court and learned that an order had been entered allowing the visitation.

The petition stated that based on the psychologist's report, the proposed visitation would be detrimental to the children and requested that the father be restrained from exercising the visitation without direct supervision. A temporary restraining order was issued on June 13.

The father's response requested the court to give full faith and credit to the Ohio order, a certified copy of which was appended thereto, or alternatively to enter a similar order. After a hearing on June 16, the court ordered dissolution of the June 13 temporary restraining order. The minute entry states:

"The Court states it thinks Ohio did have and does have jurisdiction of the question, it has exercised it and Mrs. Sholty had an opportunity to be heard and she appeared by Counsel and for all the various reasons the Court feels it is not appropriate to interfere with the order from Ohio."

The Ohio visitation order states: "The parties agreed as to the manner of setting up the first visitation herein." It was signed by petitioner's Ohio attorney.

Ohio, like Arizona, has adopted the Uniform Child Custody Jurisdiction Act. See 9 U.L.A. 111. The act applies to visitation rights as well as custody. A.R.S. Sec. 8–402(2); *Smith v. Superior Court of San Mateo County*, 68 Cal.App.3d 457, 137 Cal. Rptr. 348 (1977); see also *Bahr v. Galonski*, 80 Wis.2d 72, 257 N.W.2d 869 (1977). The act establishes as the two major bases for jurisdiction (1) the child's home state or (2) the state having a significant connection with the child and his family. A.R.S. Sec. 8–403(A)(1) and (2). *Loper v. Superior Court*, 126 Ariz. 14, 612 P.2d 65 (1980). Under A.R.S. Sec. 8–413, the respondent court was required to recognize the Ohio order if the jurisdiction standards of the act had been met. We believe the Ohio order did not satisfy the jurisdictional standards and the respondent court erred in concluding it was required to give the order full faith and credit.

Ohio was not the home state of the children at the time Mr. Sholty commenced the proceeding for visitation. While the father did have a significant connection with Ohio, the children did not. The father's reliance on *Smith v. Superior Court of San Mateo County, supra*, is misplaced. In *Smith*, the child whose home state was Oregon, had several maternal and paternal relatives in California with whom a relationship had been maintained after the parents' divorce. The child's interest would have been served best by the California forum which had maximum access to relevant evidence about the child and family. Such is not the situation here. The children had been in Arizona since 1977, had attended school in Arizona, and their maternal grandparents resided in Arizona. There was no showing of any family ties in Ohio other than the father with whom the children had no contact. The father's motion for a visitation order was predicated on his desire to re-establish a relationship with his children.

The uniform act generally concerns subject matter jurisdiction and not jurisdiction over the parties. *Luper v. Superior Court, supra*. Consequently petitioner, by stipulation, could not confer upon the Ohio court jurisdiction which it did not have over the subject matter of visitation. Arizona is the children's home state and the Ohio order was not binding upon the respondent court. It therefore should not have declined to exercise jurisdiction over the visitation issue. The order dissolving the temporary restraining order is hereby set aside and the matter remanded for further proceedings consistent with this opinion.

HATHAWAY, C. J., and RICHMOND, J., concur.