137 Ariz. 604 (1983)
672 P.2d 949
Vincent A. IACOUZZE, Petitioner/Appellant,
v.
Catherine J. IACOUZZE, Respondent/Appellee.
No. 2 CA-CIV 4584.
Court of Appeals of Arizona, Division 2.
May 3, 1983.
Rehearing Denied June 28, 1983.
Review Granted September 13, 1983.
*605 Carl M. Tootle, Tucson, for petitioner/appellant.
Otis D. Sullivan, Phoenix, and Howard H. Karman and Kirk V. Karman, Casa Grande, for respondent/appellee.
OPINION
HATHAWAY, Judge.
This appeal is brought by the father of a minor child from a modified custody decree.
The parties were divorced in Tucson, Arizona, in November 1976, with custody of their fifteen-month-old daughter being awarded to the father. Shortly after the divorce, father and daughter moved to New Jersey to live with his parents. There was no provision in the original decree of dissolution for visitation by the mother who continued to reside in Arizona. In June 1977, the original decree was modified to permit the minor child to visit her mother for two weeks each summer.
In May 1978, the mother filed suit in the New Jersey Superior Court alleging, in some detail, failings on the part of the father which allegedly rendered him unfit to retain custody. She requested custody of the child, or, in the alternative, increased visitation rights. The court ordered the probation department to investigate both parties to determine the custody and increased visitation requests. After receiving the probation department report which included psychologists' reports, the New Jersey court ordered the petition for custody and increased visitation dismissed. New Jersey has adopted the Uniform Child Custody Jurisdiction Act.
In 1979 and 1980, the mother exercised her two week visitation right. In 1981, she picked up her daughter in New Jersey on July 31 and returned with her to Tucson. At the end of the two-week period she kept her daughter in Arizona, consulted an attorney and commenced proceedings in Arizona for change of custody. After five days of hearings in November and December 1981, the court awarded custody to the mother.
In child custody cases an initial determination must be made as to whether an Arizona court has jurisdiction to hear the matter. Sholty v. Carruth, 126 Ariz. 458, 616 P.2d 918 (App. 1980). If jurisdiction is found to exist, then a determination must be made as to whether that jurisdiction should be exercised. Here the trial judge decided, on the basis of evidence, that Arizona had jurisdiction under A.R.S. § 8-403 A.3, which states:
"A. The superior court of the state of Arizona is vested with jurisdiction to make a child custody determination by initial or modification decree if any of the following apply:
* * * * * *
3. The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because he has been *606 subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent."
The court heard conflicting testimony from psychologists concerning the mental and emotional state of the child. The mother's expert testified that the child was "on an emotional precipice." According to him, "any more stress was going to destroy her emotionally and intellectually." He found her to be very distressed, anxious and almost retarded. He opined that the child's environment in New Jersey was the cause of the problem. He found that the father was "doing nothing to solve this youngster's plethora of serious problems." The father's expert testified that while the child might be described as anxious, socially inhibited and withdrawn, he saw no signs of imminent psychological disaster. He stated that it would not be damaging to the child to be returned to her father. There was additional self-serving testimony by both parties.
The trial court weighed the evidence before it and determined that an emergency existed thereby vesting it with jurisdiction under A.R.S. § 8-403 A. 3. When there is a conflict in the evidence, the appellate court will not overturn the trial court's decision unless it is clearly erroneous. O'Hern v. Bowling, 109 Ariz. 90, 505 P.2d 550 (1973). If there is any evidence to support the judgment of the trier of fact, it will not be disturbed on appeal. Sandblom v. Corbin, 125 Ariz. 178, 608 P.2d 317 (App. 1980). We must view the evidence in a light most favorable to support the judgment of the trial court. State v. Veatch, 132 Ariz. 394, 646 P.2d 279 (1982). We therefore affirm the trial court's finding that an emergency existed and that the court had jurisdiction under A.R.S. § 8-403 A.3.
We now must turn to the more difficult question of whether, having found that it had jurisdiction, the trial court should have exercised that jurisdiction in the manner that it did. We find no Arizona cases dealing with A.R.S. § 8-403 A. 3, and the exercise of jurisdiction thereunder.
Looking to decisions from other jurisdictions, we find support for what we believe to be the proper resolution of actions based on A.R.S. § 8-403 A.3. We believe the trial court should have awarded temporary custody to the mother and directed her to proceed in the courts of New Jersey in her attempt to gain permanent custody of her daughter.
In a case cited to us by appellee, Vorpahl v. Lee, 99 Wis.2d 7, 298 N.W.2d 222 (1980), a fact situation almost exactly as we have here was present. [Wisconsin had adopted the Uniform Child Custody Jurisdiction Act]. There, the custodial father and the children resided in Washington. The mother lived in Wisconsin. She went to Washington to visit the children, abducted them, returned to Wisconsin and filed an action to have custody changed from the father to herself. Her contention was that the children had been mistreated by the father.
The trial court found jurisdiction under the Wisconsin counterpart of A.R.S. § 8-403 A.3 and granted custody to the mother. On appeal, the jurisdiction question was affirmed, however, the court stated:
"We conclude the trial court correctly exercised emergency jurisdiction but erred in failing to stay its action in order to allow a custody action to be commenced in the State of Washington, which is a more convenient forum." 298 N.W.2d at 224.
The reviewing court held that the trial court erred in its consideration of the factors contained in the parallel statute to A.R.S. § 8-407 C, dealing with an inconvenient forum. It found this error to be a mistake in law and an abuse of discretion.
Here the trial court made the following conclusion of law:
"... [T]here is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."
We believe this to be unsupported by the evidence and error. At the time the motion to change custody was filed, New Jersey was the home state of the child. She was *607 in Arizona at that time only as a result of the mother's improper act of retaining her. New Jersey had a close connection with the child and her family, i.e., the father and his parents. The child had lived in New Jersey for five years and more evidence of her present, past and future care was and is available there as is information concerning her relationship to the community and her education. The father's fitness to retain custody and the child's environment were in question before the trial court and these issues clearly could have been better explored by the courts of New Jersey. It is true that the mother's suitability to be the custodial parent is an important consideration, evidence of which is more easily obtained in Arizona. However, the bulk of the evidence regarding the best interests of the child was more readily available in New Jersey. The final factor in A.R.S. § 8-407 C to be considered is whether the exercise of jurisdiction by Arizona would contravene any of the purposes stated in § 8-401. One of the purposes of the Uniform Act is to deter unilateral removal of a child to another state to obtain custody awards. That is exactly what occurred here.
Other courts that have addressed this issue have reached similar conclusions. In Ferreira v. Ferreira, 3 Cal.3d 824, 512 P.2d 304, 109 Cal. Rptr. 80 (1973), the court, in discussing the very problem presented here, stated:
"We have neither been able to find a perfect answer to the dilemma nor to invent a solution of our own. We can do no better than submit a realistic resolution: the court of the forum should ordinarily refuse to reopen the question of the custody of a child whose custody is vested under an existing decree in a nonresident parent. If faced with charges supported by competent proof, as distinguished from conclusory assertions by the party seeking modification of an existing decree, that the return of the child to the nonresident parent will jeopardize or seriously endanger the child's health or safety, however, the court should inquire into these charges and make whatever temporary custody order it finds necessary to protect the child. But even in cases in which the court grants temporary custody to the resident parent, it should not ordinarily resolve the merits of the controversy as to permanent custody; it may, on motion of the nonresident or on its own motion, stay those proceedings to await the determination of that matter by the court of the nonresident parent's domicile." 3 Cal.3d at 829, 109 Cal. Rptr. 80, 512 P.2d 304.
See also, Schlumpf v. Superior Court of County of Trinity, 79 Cal. App.3d 892, 145 Cal. Rptr. 190 (1978). A similar result was reached in Colorado in Brock v. District Court of County of Boulder, Colo., 620 P.2d 11 (1980). Finally, we note that in Priscilla S. v. Albert B., 102 Misc.2d 650, 424 N.Y.S.2d 613 (1980), cited by appellee in her argument against the convenient forum doctrine, the New York court assumed jurisdiction and stayed the proceedings on the grounds that Vermont, the home state of the child and the adoptive father, was a more convenient forum in which to litigate the custody dispute. New York exercised its jurisdiction only when it became apparent that Vermont could not resolve the issue because the petitioner, as a second cousin to the child, had no standing to petition Vermont's courts for custody.
Here the courts of New Jersey are available to the mother. Any concern which the mother may have about providing evidence to the New Jersey court regarding Arizona proceedings should be allayed by A.R.S. §§ 8-421 and 422 which provide for interstate cooperation in child custody matters.
The order awarding permanent custody of the child to the mother is vacated. The trial court is directed to award her temporary custody and stay further proceedings upon condition that a custody proceeding be commenced in New Jersey within a period to be set by the court. In all other respects, the judgment of the court is affirmed.
HOWARD, C.J., and BIRDSALL, J., concur.