**Jean E. Boisvert v. Leon L. Boisvert**

[466 A.2d 1184]

No. 82-313

Present: Hill, Underwood and Peck, JJ., and Barney, C.J. (Ret.) and Larrow, J. (Ret.), Specially Assigned

Opinion Filed September 26, 1983

446

*William J. Donahue,* White River Junction, for Plaintiff-Appellant.

Law Offices of *Davis & Rounds, P.C.,* Windsor, for Defendant-Appellee.

**Hill, J.** Plaintiff Jean E. Boisvert brought an action to modify the parties' divorce decree, which gave custody of their child to the defendant, Leon L. Boisvert. The Windsor Superior Court held that under the Uniform Child Custody Jurisdiction Act (hereinafter cited as UCCJA), 15 V.S.A. §§ 1031–1051, it lacked jurisdiction to modify the decree. We affirm.

On May 28, 1981, the Windsor Superior Court granted a divorce to the plaintiff and defendant, and, pursuant to a stipulation, awarded custody of the parties' son Peter to the defendant. After the divorce, the defendant lived with Peter in New

Hampshire until the fall of 1981, when he and his son moved to Massachusetts. The plaintiff now lives in New Hampshire. On April 20, 1982, the plaintiff moved to gain custody of Peter by filing a motion to modify the custody order in the Windsor Superior Court. That court granted plaintiff's motion, concluding that it was in the best interests of the child to award custody to plaintiff. Defendant moved to set aside the judgment, claiming that under the UCCJA the Windsor Superior Court lacked subject matter jurisdiction over this custody determination. Agreeing that it lacked jurisdiction, the court struck its previous order and dismissed plaintiff's motion to modify custody. Plaintiff appealed the dismissal to this Court.

■■ The UCCJA generally concerns subject matter jurisdiction, not personal jurisdiction. *Sholty* v. *Carruth,* 126 Ariz. 458, 459, 616 P.2d 918, 919 (Ct. App. 1980). It is well settled that a court's lack of subject matter jurisdiction may be raised at any time. *Berry* v. *Arnoldware-Rogers, Inc.,* 127 Vt. 188, 192, 243 A.2d 781, 784 (1968) ; *Smith* v. *White Estate,* 108 Vt. 473, 480, 188 A. 901, 904 (1937). Thus, defendant's motion is timely, even though it was filed after the court issued its custody modification order.

■ Prior to Vermont's enactment of the UCCJA, the court awarding a divorce decree retained jurisdiction over child custody matters, regardless of the parties' whereabouts. See 15 V.S.A. § 292 (repealed 1982) ; *Randall* v. *Randall,* 129 Vt. 432, 282 A.2d 794 (1971). The UCCJA, however, seeks to ensure that litigation regarding custody matters takes place in the state with which the child and his or her family have the closest connections. See Purpose, following 15 V.S.A. § 1031. Thus, under § 1032 of the UCCJA, a Vermont court has jurisdiction to modify a custody decree if :

1) Vermont is the child's home state; or

2) Vermont had been the child's home state within six months prior to the commencement of the modification action, but the child has been wrongfully removed from this state, and one parent continues to live in Vermont; or

3) It is in the child's best interest that Vermont assume jurisdiction because the child and at least one parent have a "significant connection" with Vermont, and "substantial

evidence" concerning the child's present or future well-being is available here; or

4) The child' is physically present in Vermont and has been abandoned; or

5) The child is physically present in Vermont and an emergency situation exists because the child has been abused or is threatened with abuse; or

6) No other state has jurisdiction under any of the above criteria; or

7) Another state has declined jurisdiction in favor of Vermont, and it is in the best interest of the child that Vermont assume jurisdiction.

It is clear that the court below could not have assumed jurisdiction in this case under any of the criteria listed in § 1032. Vermont is not the home state of the child, nor had it been his home during any of the six months preceding the commencement of this action. Peter lived with the defendant in New Hampshire from the time of the divorce in May of 1981 until the fall of 1981, when he and the defendant moved to Massachusetts. Evidence concerning the child's present or future care, training, and relationships, which is necessary to determine which parent should have custody, does not exist in Vermont. The child is not physically present in Vermont, and there have been no claims of abandonment or abuse. Finally, no other state has declined to exercise jurisdiction.

■ Plaintiff claims that the time spent by Peter and the defendant in Massachusetts should not be considered as creating a new "home state" for jurisdictional purposes, because when they moved to Massachusetts the defendant wrongfully withheld information concerning the child's whereabouts from the plaintiff, and therefore prevented the plaintiff from exercising the visitation rights granted to her by the divorce decree. Even if we were to discount the time period spent in Massachusetts, however, the jurisdictional requirements of § 1032 have not been met, since Peter lived in New Hampshire for more than six months before the move to Massachusetts, and Peter was not wrongfully removed from Vermont. In addition, plaintiff also no longer lives in Vermont, so neither Peter nor

either of his parents has any significant connections with Vermont.

*Judgment affirmed.*