137 Ariz. 583 (1983)
672 P.2d 928
Vincent A. IACOUZZE, Petitioner/Appellant,
v.
Catherine J. IACOUZZE, Respondent/Appellee.
No. 17020-PR.
Supreme Court of Arizona, En Banc.
October 18, 1983.
Reconsideration Denied December 6, 1983.
Carl M. Tootle, Tucson, for petitioner/appellant.
*584 Sullivan & Novak by Otis D. Sullivan, Phoenix, Howard H. Karman, Kirk V. Karman, Casa Grande, for respondent/appellee.
HOLOHAN, Chief Justice.
Catherine and Vincent Iacouzze were divorced in Tucson, Arizona in 1976. Custody of the child of the parties, a daughter, was awarded to appellant Vincent Iacouzze. Shortly after the divorce appellant and his daughter moved to New Jersey to live with his parents.
The appellee Catherine Iacouzze was granted visitation with the minor child for two weeks each summer. In 1978 appellee filed a petition in New Jersey alleging that appellant was unfit to retain custody of the child. After a court ordered investigation the petition was dismissed by the New Jersey Superior Court.
In 1979 and 1980 the appellee exercised her visitation rights without incident, but in 1981 when she exercised her visitation right she retained her daughter beyond the two week visitation period. Appellee commenced proceedings in Arizona for a change of custody. At the time of appellee's petition both Arizona and New Jersey had adopted the Uniform Child Custody Jurisdiction Act.
The superior court conducted an extended hearing which resulted in the court ordering that the custody of the child be changed from appellant to appellee. Appellant filed a timely appeal.
Division II of the Court of Appeals heard the appeal and affirmed that portion of the ruling of the superior court which found that an emergency existed which authorized an Arizona court to exercise jurisdiction under A.R.S. § 8-403 A. 3. The Court of Appeals, however, reversed the order of the superior court which awarded permanent custody of the child to appellee. The Court of Appeals, guided by decisions from other jurisdictions, held that the superior court should have awarded temporary custody to the appellee mother and stayed further proceedings in Arizona upon the condition that the appellee commence custody proceedings within a set period of time in New Jersey where the child has resided for the past five years.
Appellee sought review by this Court. We accepted review.
We have reviewed the legal authorities cited to us, and we agree with the ruling of the Court of Appeals; therefore, we approve and adopt the decision of the Court of Appeals (Iacouzze v. Iacouzze, 137 Ariz. 605, 672 P.2d 949 (1983)). The order awarding permanent custody of the child to the appellee is vacated. The trial court is directed to award the appellee temporary custody and stay further proceedings upon condition that a custody proceeding be commenced in New Jersey within a period to be set by the court. In all other respects, the judgment of the superior court is affirmed.
GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.