Cynthia Jean SILER, Relator,

v.

Honorable Charles H. STOREY, et al., Respondents.

Civ. A. No. CA 3-84-0967-G.

United States District Court,
N.D. Texas,
Dallas Division.

July 5, 1984.

R.W. Bill Glenn, Plano, Tex., for relator.

## AMENDED MEMORANDUM OF DECISION

FISH, District Judge.

Relator Cynthia Jean Siler seeks leave to file her application for writ of prohibition against respondents Charles H. Storey, Annette Stewart, and Floyd A. Shumpert, associate justices of the Texas Court of Appeals at Dallas. She claims that subject matter jurisdiction exists in this court by virtue of 28 U.S.C. § 1738A and that power to grant the relief sought is conferred by 28 U.S.C. § 1651. Because the court is unconvinced that relator has stated a claim for relief, or even that, on the record presented, it has subject matter jurisdiction over her claim, the motion for leave to file is **DENIED.**

### Factual Background

According to her application, Cynthia Jean Siler was married to Jon David Siler, by whom she had two children, Melanie Corrin and David Lawrence. Although the parties established residence in Warren, Pennsylvania in 1980, Jon went to California in May, 1981 to seek better employment opportunities and apparently the household was never reunited. Cynthia maintains

that on a visit in November, 1981, Jon spirited the children away to California. She immediately followed but was unsuccessful in recovering the children. On a second visit to California in January, 1982, Cynthia recovered her daughter by judicial process but was unable to recover her son. Upon her return to Pennsylvania, she filed suit for divorce. Three months later, Jon was served in California with citation in the divorce suit. Two days thereafter, the Pennsylvania divorce court granted a divorce and awarded custody of Melanie and David to Cynthia until further order of the court, specifically retaining jurisdiction over the case.

On May 25, 1984, Cynthia filed in a Texas district court her petition for writ of habeas corpus and request for attachment to enforce the Pennsylvania custody decree against Jon, presently a resident of Texas. The district court granted her petition after an evidentiary hearing on June 4. Jon then sought a writ of mandamus and temporary relief in the Texas Court of Appeals, which was granted by the respondent justices. At that point, Cynthia sought relief in this court, alleging that she is entitled to a federal determination of whether the court of appeals is exceeding its jurisdiction.

### Cynthia's Claim to Relief

Cynthia asks this court to grant a writ of prohibition to confine the Texas Court of Appeals to the exercise of its proper jurisdiction. The writ of prohibition is "an expeditious and effective means of confining the inferior court to a lawful exercise of its prescribed jurisdiction, or of compelling it to exercise its authority when it is its duty to do so." *Ex Parte Republic of Peru*, 318 U.S. 578, 583, 63 S.Ct. 793, 796, 87 L.Ed. 1014 (1943). *See also In re Estelle*, 516 F.2d 480, 483 (5th Cir.), *rehearing denied*,

521 F.2d 814 (1975), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2637, 49 L.Ed.2d 380 (1976).

The Court of Appeals, however, is not an inferior court to which this court could issue a writ of prohibition. Writs of prohibition traditionally have been used by *appellate* courts to exert their revisory powers over inferior courts, but it is not an appropriate remedy to control jurisdiction of other, nonsubordinate courts. *See Swift Transportation, Inc. v. John*, 546 F.Supp. 1185, 1194 (D.Ariz.1982) (tribal court).[1] "Here," as Justice Frankfurter once noted, "we are in the realm of potential conflict between the courts of two different governments." *Radio Station WOW v. Johnson*, 326 U.S. 120, 124, 65 S.Ct. 1475, 1478, 89 L.Ed. 2092 (1945).

What Cynthia in effect seeks is an order enjoining the Texas Court of Appeals from proceeding further, despite the general prohibition against such injunctions in 28 U.S.C. § 2283. She appears to contend that such relief is required to protect this court's jurisdiction, an exception expressly recognized in the statute and applied in cases such as *Henry v. First National Bank of Clarksdale*, 595 F.2d 291, 300 (5th Cir.1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980).

The jurisdiction of this court Cynthia apparently seeks to protect is founded on 28 U.S.C. § 1738A. That statute, however, nowhere creates a federal judicial remedy for child custody matters. *See Lloyd v. Loeffler*, 694 F.2d 489, 493 (7th Cir.1982); *Bennett v. Bennett*, 682 F.2d 1039, 1043 (D.C.Cir.1982). Nevertheless, one appellate court has held it error for a trial court to dismiss a complaint based on federal question jurisdiction without giving plaintiff an opportunity to state a claim under § 1738A, although it recognized that the issue of federal jurisdiction was not

---

**1.** Although it might be argued that Cynthia's application should be construed as seeking a writ of mandamus rather than prohibition, *see* 16 Wright, Miller et al., Federal Practice and Procedure § 3932 (1977) at 206–07 ("once power is found to issue a writ, little concern is shown to define the possible technical and historic differences between mandamus and prohibition"), the same rationale applies. Moreover, Rule 81(b), Fed.R.Civ.P., abolishes mandamus as a remedy in the district court.

free from doubt and that the language of the statute lent no direct assistance in determining the question. *Flood v. Braaten,* 727 F.2d 303, 305, 310, 312–13 (3rd Cir. 1984).

In *Flood,* which is the only published case even arguably supporting Cynthia's contention that she is entitled to the relief sought under § 1738A, the Third Circuit reasoned that "because § 1738A permits only one state at a time to assert jurisdiction, a federal court could in certain cases enforce a decree without becoming enmeshed in the underlying custody dispute." *Flood* at 310. The court interpreted § 1738A as giving the plaintiff a federal "right to have one state at a time determine her childrens' custody and the right to have other states enforce that determination unless modification is permitted by federal law." *Id.* at 313.

On the present record, Cynthia has experienced no violation of any § 1738A right recognized in *Flood.* Only one state at a time is adjudicating custody, and so far those adjudications are not in conflict.

Even if it be assumed, contrary to *Lloyd v. Loeffler* and *Bennett v. Bennett* above, that § 1738A creates a federal judicial remedy for child custody matters, the federal courts are not given *exclusive* jurisdiction to grant such a remedy. This court is unwilling to assume, as Cynthia would have it do, that the courts of Texas will not protect her federal rights. *See Rush v. Stansbury,* 668 S.W.2d 690–91 (Tex.1984) (granting mandamus against Texas district judge to require recognition, under § 1738A, of Tennessee custody order).

### Conclusion

For the reasons stated above, Cynthia has failed to state a claim on which relief can be granted, even assuming for the sake of argument that this court has subject matter jurisdiction. Accordingly, her motion for leave to file an application for writ of prohibition is **DENIED**.