**HELEN MARSH JOHNSON, Plaintiff**

v.

**LARRY CLOTHIER, Defendant**

Family Nos. C17/82, S205/82

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

Amended May 20, 1985

HELEN MARSH JOHNSON, Coral Bay, St. John, V.I., *pro se*

LARRY CLOTHIER, Pueblo, Colorado, U.S.A., *pro se*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The petitioner, Helen Marsh Johnson, pro se, has moved for a modification of an April 18, 1983 Colorado order that granted custody of the parties' minor child, Marsh William Clothier, to the natural father, Larry L. Clothier. The petitioner's request for modification will be denied because this court has no jurisdiction to modify the Colorado decree under the Uniform Child Custody Jurisdiction Act (UCCJA), 16 V.I.C. § 115 et seq. (1983 Supp.).

The general purposes of the UCCJA, as expressed in 16 V.I.C. § 115(a) are, among other things, to:

> (4) discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child;
>
> . . .
>
> (6) avoid relitigation of custody decisions of other states in this territory insofar as feasible;
>
> (7) facilitate the enforcement of custody decrees of other states.

These purposes have been expressly implemented by 16 V.I.C. § 128:

> Modification of custody decree of another state
>
> (a) If a court of another state has made a custody decree, a court in this territory shall not modify that decree unless:
>
> (1) it appears to the court in this territory that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree; and
>
> (2) the court in this territory has jurisdiction.

■ As this section makes clear, jurisdiction to modify an existing custody decree is reserved for the state that rendered the decree. Bodenheimer, Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCCJA, 14 Fam. L.Q. 203, 204 (1981). Consequently, other states or territories do not have jurisdiction to modify the decree, and they must respect and defer to the prior state's continuing jurisdiction. The petitioner is not without an avenue for relief, but it lies with the court in the state of continuing jurisdiction. Bodenheimer, supra at 214.

■ Most of the decisions interpreting the UCCJA on this point have involved unsuccessful attempts to gain custody in a new state after one parent has kidnapped a child or has retained a child after a visit in violation of a state custody decree.[1] Before another court will entertain a motion to modify, the state of continuing jurisdiction must first decline the exercise of its jurisdiction. 16 V.I.C. § 128(a)(1). Where it has been shown that the child and all parties have moved away, a state or territory does not have to defer to another state's continuing jurisdiction. Bodenheimer, The Uniform Child Custody Jurisdiction Act: A legislative remedy for children caught in the conflict of laws, 22 Vand. L. Rev. 1207, 1218 (1969).

The petitioner says she has "written evidence given her by the defendant that he is not permanently resident [sic] in Colorado as he previously falsely alleged in letter to the Honorable Henry L. Feuerzeig on one occasion (August, 1983). The evidence indicates the defendant is permanently resident [sic] in Arizona." Petition to

---

[1] E.g. Iacouzze v. Iacouzze, 672 P.2d 949 (Ariz. Ct. App. 1983); In re Lemond, 395 N.E.2d 1287 (Ind. Ct. App. 1979); Trujillo v. Trujillo, 378 So.2d 812 (Fla. Dist. Ct. App. 1979); Martin v. Martin, 45 N.Y.2d 739, 408 N.Y.S.2d 479 (N.Y. Ct. App. 1978), and Fry v. Ball, 544 P.2d 402 (Colo. 1975).

Reopen, dated August 3, 1984, p.5. However, petitioner offers no facts to support any of these allegations. Nor has there been any showing of the Colorado court declining to exercise jurisdiction.

In any event, there can be no concurrent jurisdiction under the UCCJA, Bodenheimer, supra at 216, or under the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A. Like the UCCJA, the Parental Kidnapping Prevention Act of 1980 (PKPA) was enacted to deter parental kidnapping and to promote national standards for resolving jurisdictional disputes. Section 1738A of the PKPA requires each state to give full faith and credit to child custody determinations of other states. The PKPA follows the UCCJA standards for modifying a decree and limits the jurisdiction of a state or territory to modify a decree of another state.

> A court of a state may modify a determination of the custody of the same child made by a court of another State, if
>
> (1) it has jurisdiction to make such a child custody determination; and
>
> (2) the court of the other State no longer has jurisdiction or it has declined to exercise such jurisdiction to modify such determination.

28 U.S.C. § 1738A(f); Katz, Legal Remedies for Child Snatching, 15 Fam. L.Q. 136 (1981); see, e.g., Rush v. Stansbury, 668 S.W. 2d 690 (Tex. 1984), and Kumar v. Superior Court of Santa Clara City, 186 Cal. Rptr. 772, 652 P.2d 1003 (1982).

In Rush v. Stansbury, supra, two conflicting child custody decrees were rendered in Texas and Tennessee. The Texas Supreme Court held that the Tennessee court had jurisdiction to render the initial custody decree and that Texas, therefore, was obligated to defer to that state's continuing jurisdiction despite the fact that the child had established Texas as his "home state." This holding reinforces the principle of a court's continuing jurisdiction and discourages forum shopping.

This court here would have jurisdiction under the UCCJA only under the emergency provisions of 16 V.I.C. § 177(a)(3)(B):

> (a) A court in the Virgin Islands which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
>
> . . .
>
> (3) the child is physically present in this territory, and:
>
> . . .
>
> (B) it is necessary in an emergency to protect the child;

315

The Colorado Supreme Court has stated that to find an emergency sufficient to defeat continuing jurisdiction a "grave" and "compelling" showing must be made. Brock v. District Court, 620 P.2d 11, 14 (Colo. 1980). The petitioner, however, has not made even a scant showing of an emergency situation. At most she has made a number of self-serving conclusory assertions of fraud or misconduct by Mr. Clothier. None of her allegations are supported by facts and virtually all of them concern action that would have occurred before the Colorado court's custody decision.

■ Such "self-serving statements alone are insufficient to confer jurisdiction" under the emergency provision. Marcrum v. Marion County Superior Court, 403 N.E.2d 806, 898 (Ind. 1980); see also Woodhouse v. District Court, 587 P.2d 1199, 1201 (Colo. 1978) (parent's self serving statements that the child appeared unwell are not enough to invoke the emergency exception). Moreover, the court seriously questions petitioner's good faith in waiting to make her claims until after the child arrived in the Virgin Islands for his summer visitation in accordance with the Colorado decree.

■■ Even if this court were to find that the petitioner made a prima facie showing of an emergency, this court would not have the authority to permanently award custody to Mrs. Johnson as she requests. Iacouzze v. Iacouzze, 672 P.2d 949 (Ariz. Ct. App. 1983). In Iacouzze, custody of the minor child was awarded to the father by a New Jersey court. The mother exercised visitation in Arizona, retained her daughter beyond the visitation period, and then instituted proceedings in Arizona to change custody. The Arizona lower court found that an emergency existed, exercised jurisdiction and awarded permanent custody of the child to the mother. The Court of Appeals reversed. It held that the lower court should have awarded temporary custody to the mother and directed her to proceed in the New Jersey courts. In this case, too, the Colorado court still has jurisdiction. Consequently, the petitioner may present evidence to the Colorado court concerning her allegations that the father is unsuitable to be the custodial parent of Marsh Clothier and seek a modification of the custody decree in that forum.

■ Petitioner also has requested appointed counsel. Again the Colorado court would be the more appropriate forum in which to make that request. However, even assuming jurisdiction to appoint counsel, the court questions the indigency of the petitioner. This is particularly so in view of her ability to post a $40,000 real property bond to secure the return of the minor child after his visitation.

█ Finally, petitioner also seeks to reopen Fam. No. S205/82 to assert a claim for arrears in support. The petitioner's action for support under the Uniform Reciprocal Enforcement of Support Act, however, should have been dismissed when permanent custody of Marsh Clothier was awarded to Larry Clothier on April 18, 1983 by the District Court of Colorado. Consequently, there is no basis for reopening the support action.