VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 55-7-20 Vtec



| VTRE Investments, LLC Zoning Appeal |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion: 2)

Filer:          Joseph S. McLean, attorney for the Town of Stowe

Filed Date:     December 21, 2020

Response in Opposition filed January 4, 2021, by Appellant Michael A. Seaberg, *pro se*

Response in Support filed February 18, 2021, by Applicant Nicholas Lizotte, *pro se*

**The motion is GRANTED IN PART.**

In this on-the-record appeal, Michael Seaberg ("Appellant") appeals a decision of the Town of Stowe ("Town") Development Review Board ("DRB") denying his appeal of Permit Z-6222 issued by the Stowe Zoning Administrator to VTRE Investments, LLC ("VTRE") for certain improvements on property located at 4409 Mountain Road in Stowe, Vermont ("the Property").  VTRE was recently dissolved, and the Property was transferred to VTRE's former principal, Nicholas Lizotte. Mr. Lizotte ("Applicant") now appears in his personal capacity and stands in VTRE's shoes.

Presently before the Court is the Town's motion to dismiss the appeal for lack of subject matter jurisdiction.  In the alternative, the Town seeks a remand to the DRB.  V.R.C.P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party.  Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

A brief overview of the relevant background and the record before us will provide helpful context.  Permit Z-6222 ("the Permit") was issued by the Zoning Administrator on May 19, 2020.  On June 22, 2020, Appellant filed his notice of appeal of the permit to the DRB.  The appeal was not filed within the 15-day period prescribed by 24 V.S.A. § 4465(a), and Appellant acknowledged this in his notice of appeal, stating:

> This is due to the failure of the applicant to properly post this permit as required by Stowe Zoning Regulations.  The permit was not posted by the homeowner until after the 15 day appeal period had passed.  While Mr. Seaberg acknowledges that the permit may have been posting [sic] at the Akeley Memorial Building, it is unreasonable and unduly burdensome to expect interested [persons] to frequently visit town hall to find

*Entry Regarding Motion*                                                                                   Page **1** *of* **4**

*VTRE Investments, LLC Zoning Appeal*, No. 55-7-20 Vtec (Vt. Super. Ct. Envtl. Div. June 11, 2021) (Durkin, J.)

out if a permit has been issued, especially during a state of emergency when the Governor is encouraging Vermonters to stay close to home and limit the number of people with whom they have contact.

Notice of Appeal to the DRB, dated June 22, 2020, at 1.

The DRB issued its decision rejecting Appellant's appeal on June 26, 2020. *See* Findings of Fact & Conclusions of Law (Town of Stowe Dev. Review Bd. June. 26, 2020) [hereinafter "DRB Decision"]. While the DRB noted that "Appellant claims the zoning permit notice was not posted in accordance with Section 2.8 [of the Stowe Zoning Regulations]," it did not make any findings of fact or conclusions of law regarding either the adequacy of notice or the timeliness of the appeal. *See* id. at 1–2. Instead, the DRB upheld the Zoning Administrator's decision to issue the Permit after concluding (1) that Appellant raised issues which had already been decided in an earlier appeal, and (2) that a public hearing was not necessary. *See* id. at 2. Appellant then filed a timely appeal with this Court.

The Town now moves to dismiss Appellant's appeal pursuant to 24 V.S.A. §§ 4472(a) and (d) on the basis that Appellant's appeal to the DRB below was untimely and therefore the Court is deprived of jurisdiction to consider the matter. Pursuant to 24 V.S.A. § 4472(a), an appeal is the "exclusive remedy" for interested persons seeking to challenge a municipal act or decision. If there is no direct, timely appeal of a zoning administrator's decision to the DRB, "all interested persons affected shall be bound . . . and shall not thereafter contest [the decision], either directly or indirectly." *See* 24 V.S.A. § 4472(d); *see also* Town of Charlotte v. Richmond, 158 Vt. 354, 356–57 (1992) ("Having failed to appeal the determination by Charlotte's zoning administrator, defendants were bound by his decision."). Thus, "[i]n the absence of a timely appeal," both the DRB and this Court are without jurisdiction to consider the matter. *See* In re Ashline, 2003 VT 30, ¶ 8, 175 Vt. 203; *see also* Town of Charlotte, 158 Vt. at 358; 24 V.S.A. § 4472(d).

It follows that dismissal is required "unless some other circumstance justifies the filing of a late appeal." *See* In re Feeley Const. Permits, No. 4-1-10 Vtec, slip op. at 14 (Vt. Envtl. Ct. June 16, 2010) (Wright, J.). Our prior decisions, as well as those of the Vermont Supreme Court, suggest that the appeal period does not begin to run until the appellant could have had notice of the decision at issue. *See* Town of Hinesburg v. Dunkling, 167 Vt. 514, 522 (1998) (appeal period began when appellant received mailed copy of the decision); In re Atwood PUD – Jericho, No. 170-12-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Feb. 18, 2015) (Walsh, J.) (holding that appeal period began at time appellants were put on notice of the DRB's decision); *see also* In re Benning Accessory Use Permit, No. 184-9-09 Vtec, slip op. at 13 (Vt. Envtl. Ct. Mar. 25, 2010) (Wright, J.) ("A prospective appellant who fails to receive either constructive notice or actual notice of the issuance of a permit may be justified in filing a late appeal . . . based on principles of due process."). The Town argues that Appellant's claims concerning the deficiency of notice are insufficient to justify his late appeal to the DRB.

Pursuant to the Stowe Zoning Regulations ("Regulations") § 2.8(4), notice of the issuance of a zoning permit must be posted "within view of the nearest public right-of-way until the time for appeal has expired." The Town's motion contains several factual allegations and contends that, regardless of the requirement under § 2.8(4), Appellant had at least constructive notice of the Permit. Appellant takes issue with the Town's representations and has submitted affidavits and other evidence in support of his argument that notice was inadequate. Applicant, for his part, claims that notice was properly posted and has submitted affidavits and other evidence to that effect.

Because this is an on-the-record appeal, we conclude that a remand is required to allow the DRB to decide whether it had jurisdiction over Appellant's appeal in the first instance.

In an on-the-record appeal, the Court considers only the decision below, the record made before the municipal panel, and the briefs submitted by the parties. In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). We do not take new evidence or make our own factual determinations. Instead, we review the municipal panel's factual findings to determine whether the decision below "explicitly and concisely restate[s] the underlying facts that support the decision." See 24 V.S.A. § 1209(a)–(b).

The Court will affirm factual findings only if they are supported by substantial evidence in the record below. See In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 76, 186 Vt. 568. In examining whether there is substantial evidence in the record, the Court does not assess the credibility of witness testimony or reweigh conflicting evidence in the record. See Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248; In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004) (unpublished mem.). The Court simply looks to whether the record below includes relevant evidence that "a reasonable person could accept . . . as adequate" support for the factual findings. Devers-Scott, 2007 VT 4, ¶ 6 (quoting Braun v. Bd. Of Dental Exam'rs, 167 Vt. 110, 114 (1997)). We then review the DRB's legal conclusions without deference, unless such conclusions are within the DRB's area of expertise. Stowe Highlands, 2009 VT 76, ¶ 7.

In this case, the decision below does not contain any findings or conclusions with respect to the timeliness of the appeal, the adequacy of notice to Appellant, or any resulting impacts on the DRB's jurisdiction. See DRB Decision at 1–2. Furthermore, apart from Appellant's assertion in his notice of appeal, the record does not contain any information from which those findings or conclusions could be drawn. The evidence offered by Appellant and Applicant in response to the Town's motion is not a part of the record made before the DRB below, therefore we are unable to consider it here. See Saman ROW Approval, No. 176-10-10 Vtec at 1 (Sept. 2, 2011).

Appellant argues that by acknowledging his claim regarding notice and continuing to the merits of the appeal, the DRB implicitly decided that his late filing was justified. We cannot agree. Because the DRB did not hold a hearing, there is no transcript which might shed light on the information it considered. The record presented to the Court consists only of: a prior decision of the DRB concerning the same Property; the DRB Decision at issue; the Permit and application; Appellant's notice of appeal to the DRB; and a copy of the Regulations. There is no indication that the DRB considered whether it had jurisdiction to hear and decide the matter in light of Applicant's late-filed notice of appeal. Even assuming that the DRB did decide the issue, it provided no findings or conclusions which would allow us to conduct our on-the-record review. See In re Brandon Plaza Conditional Use Permit, No. 128-8-10 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Mar. 26, 2012) (Walsh, J.) (declining to "assume that the DRB did reach a positive conclusion of law" or "speculate as to what existing findings might relate" to the absent conclusions).

Under these circumstances, it appears that the question of the DRB's jurisdiction was raised for the first time before this Court. While the issue of subject matter jurisdiction "may be raised at any time," resolving the issue here would require us to look beyond the record and render new findings of fact and conclusions of law. See Boisvert v. Boisvert, 143 Vt. 445, 447 (1983) (citations omitted). "[T]hat is precisely what we cannot do in an on-the-record appeal." See Brandon Plaza, No. 128-8-10 Vtec at 6 (Mar. 26, 2012) (citing Appeal of Leikert, No. 2004-213 at 2 (Nov. 1, 2004)).

*Entry Regarding Motion* *Page **3** of **4***

*VTRE Investments, LLC Zoning Appeal, No. 55-7-20 Vtec (Vt. Super. Ct. Envtl. Div. June 11, 2021) (Durkin, J.)*

For the foregoing reasons, the Town's motion is **GRANTED** to the extent it requests a remand. We hereby **REMAND** the application to the Town of Stowe DRB to decide in the first instance whether it had jurisdiction over this matter considering Appellant's late-filed notice of appeal. Whether Appellant had adequate notice that the Permit had been issued may be an important question to resolve. Though we recognize that this result may be a source of frustration for all parties involved, the on-the-record nature of this appeal requires that we refrain from usurping the role of the DRB in rendering initial findings of fact and legal conclusions.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed on June 11, 2021, at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____

Thomas S. Durkin, Superior Judge
Environmental Division